UNITED STATES of America,
Plaintiff and Appellee,

v.

Kenneth F. REDWITZ, Defendant and
Appellant.

No. 15300.

United States Court of Appeals
Sixth Circuit.

Feb. 27, 1964.

Jerome D. Winegarden, Flint, Mich., John J. McDonough, Bay City, Mich., Elliott, Elliott & Winegarden, Philip Elliott, Flint, Mich., on brief, for appellant.

Robert L. Loucks, Asst. U. S. Atty., Bay City, Mich., Lawrence Gubow, U. S. Atty., Bay City, Mich., on brief, for appellee.

Before O'SULLIVAN, Acting Chief Judge, MAGRUDER, Senior Circuit Judge * and McALLISTER, Senior Circuit Judge.

McALLISTER, Senior Circuit Judge.

Appellant was convicted of receiving and selling an automobile, which was moving in interstate commerce, knowing it to have been stolen, in violation of the Dyer Act, Title 18 U.S.C.A. § 2313. He claims reversible error in the trial court's refusal to grant a continuance to his counsel on the ground that they did not have sufficient opportunity to acquaint themselves with the law and the facts of the case; that, further, the District Court improperly and frequently intervened in the examination of witnesses, by asking the District Attorney questions concerning the proof, and adopting sug-

* Judge Calvert MAGRUDER of the First Circuit, sitting by designation.

gestions from the District Attorney, giving the jury the impression that the Court was identified with the officials prosecuting the case; and that the Court's instruction as to the burden of proving appellant's guilt beyond a reasonable doubt was, taken as a whole, confusing to the jury, and prejudicial to appellant.

As to the claim that the trial court committed reversible error, in refusing to grant a continuance to appellant's counsel on the ground stated in their motion that they did not have sufficient time to acquaint themselves with the law and the facts in the case, the docket entries are pertinent.

Appellant was arrested on July 20, 1962, on a warrant charging him with violation of the Dyer Act.

On August 28, 1962, appellant and three others were jointly indicted on nine counts charging violation of the Act. One of the defendants pleaded guilty to five counts of the indictment. Appellant and the two other defendants stood mute, and a plea of not guilty was entered for them. When arraigned, appellant appeared without counsel. At the time, the following occurred:

"The Court: Is Kenneth Redwitz here?

"Mr. Loucks (the Assistant United States Attorney): Yes, your Honor.

"The Court: Didn't I have a case against him before, over in Flint?

"Mr. Petit: Yes, you did.

"The Court: Did Johnny Purcell represent him?

"Mr. Petit: He still represents him in this case, if the Court please, only he is not able to be here this morning, and he instructed his client to stand mute, your Honor.

"The Court: Where is Redwitz?

"Defendant Redwitz: Right here.

"The Court: Come on up here, Redwitz. * * * Redwitz, * * * you want to enter a plea, and I'm going to let you stand mute, that's what your attorney wants. * * * We'll tell Mr. Purcell, and tell your attorneys in all cases, that Mr. Purcell is very busy, we're going to have the case as soon as we can, you see, Robert? ("Robert" referred to the Assistant United States Attorney).

"Mr. Loucks: I would like to have the case scheduled for around October 1st, your Honor.

"The Court: How about that, what date is October the 1st.

"Mr. Loucks: Monday, your Honor.

"The Court: Monday is October the 1st. All right, October 1st at two o'clock in the afternoon. Or at one-thirty in the afternoon, let's make it that way."

Mr. Petit, who participated in the foregoing, seems to have been a deputy clerk of the Court.

On September 21, 1962, a motion for a continuance was filed by one of the other defendants and heard on the same day. The motion for continuance was granted, and the case was reset for trial on October 8, 1962.

On October 4, 1962, the defendant, Charles H. Duncan, Jr., withdrew his plea of not guilty and pleaded guilty to all counts charging him.

On October 8, 1962, the trial commenced. At the commencement of the trial, appellant, by his counsel, Mr. John McDonough and Mr. John Patterson, moved the Court for a continuance. Appellant's counsel stated that appellant, prior to the weekend, had consulted with Mr. Purcell, and because of other commitments, Mr. Purcell was unable to represent appellant; that on the prior Saturday, forty-eight hours before the commencement of the trial, appellant retained Mr. Patterson and Mr. McDonough; that they had not seen the indictment until that time; and that they felt that they had insufficient time to prepare appellant's defense, or even to understand the full nature of the charge which had been brought.

The Court, in reply to this motion and statement by appellant's counsel, declared that Mr. Purcell, who had been appellant's attorney, was not present, not because he had other commitments, but because appellant did not pay him for his services; that, when appellant did not pay him, Mr. Purcell had told appellant that unless he paid him, appellant would have to get other counsel; that appellant knew that, and had known it for a long time, and that if he had retained Mr. McDonough on Saturday, "why, that's just too bad." The Court continued: "The Court can't grant an adjournment just because somebody, just because some attorney comes along here, and says, why we just got into the case, when; if that were true, all a defendant would have to do would be to change attorneys at the last minute."

To the foregoing statement of the Court, counsel for appellant replied:

"Mr. McDonough: Your Honor, may I add one fact, that came about by not paying his previous attorney; he advises us that that wasn't the reason, and the attorney wrote a letter, and he just got it before he came to see us.

"The Court: Well, he knew before Saturday, that he had to get another attorney. And Mr. Purcell was in this Court Room and said that he represented him, didn't he?

"Mr. Petit: I don't believe Mr. Purcell ever appeared, Your Honor, it was on the statement of Mr. Redwitz at the time—

"The Court: Who was here? Wasn't Purcell here at one time?

"Mr. Petit: Mr. Redwitz, on his arraignment, said that Mr. Purcell was his attorney.

"The Court: Oh, yes. That was it. Well, all right, I can't give you a continuance, I'm not going to give you a continuance, gentlemen."

The Court was wrong in his first impression that Mr. Purcell had appeared in court on behalf of appellant; and there certainly was no proof that Mr. Purcell withdrew from the case because appellant had not paid him for his services.

In the defendant's appendix on appeal appears a letter signed by Mr. Purcell, dated September 17, 1962, and stating:

"Dear Kenneth:

"We have notice from Federal Court that your case is set for October 1st. In fairness to you, we think you ought to get another attorney, perhaps one from Flint, to represent you, as our schedule is such that I know I will be unable to prepare for the case and try it on October 1st. For one thing, the State Bar is having a convention that will take next week and we, also, have several other cases set, including one set on October 2nd, that just makes it impossible to represent you as we had wished to do.

"I did not realize when I said I would represent you, that the case would come on as quickly as it apparently is going to. I, therefore, suggest that you immediately get someone else."

This letter was not submitted to the Court on the hearing of the motion for a continuance, or on the trial during the introduction of the evidence, but it was referred to by counsel for appellant; and government counsel state in their brief that appellant received a letter on or about September 17, 1962, from Mr. Purcell, in which he advised appellant that it would be impossible for him to represent appellant and that he should immediately obtain other counsel. Obviously, the government counsel referred to the above-quoted letter. But there is no proof that appellant received the letter from Mr. Purcell on or about September 17, 1962.

██ On the argument on appeal, counsel for appellant stated that appellant did not receive the letter in the ordinary course of the mails after it was written on September 17, 1962; that the reason he did not receive it until just before the trial was that it was addressed

to the residence where his wife was then living; that he had not been living with her at the time the letter was received at that address; and that he did not receive the Purcell letter until just before the trial. However, there was no proof of these facts or statements, by testimony or affidavit, nor was the letter submitted at any time to the trial court. As far as the record in this case goes, there is a presumption that appellant received the letter in due course, which would have been a day or two after its mailing presumably on September 17, 1962. Therefore, if we make the most favorable assumption on behalf of the appellant, and consider the letter to have been in evidence—which it was not—appellant would have had approximately three weeks to retain other counsel; and his failure to do so would not entitle him, or his newly-employed counsel, to a continuance.

■ Under the proofs, the trial court was not in error in denying appellant's motion for a continuance.

■ We come, then, to the contentions that the trial court improperly gave the jury the impression that it identified itself with the prosecution and that the Court's conduct in this regard constituted prejudicial reversible error. To sustain this claim, appellant refers to the fact that the trial court, during the giving of his instructions to the jury, repeatedly referred to persons named by other witnesses in the case and also referred to certain witnesses, asking the District Attorney from time to time, "What's his name?", and "I can't think of his name." On these and similar occasions, the District Attorney would inform the Court of the name of the person referred to, which had been disclosed by the testimony in the case. We find nothing in the conduct of the Court in these instances that would indicate the Court was identifying itself with the prosecution, or was acting in an improper or prejudicial manner.

■ Appellant also complains that the District Court referred to the expression used by the District Attorney regarding one of the defendants who had pleaded guilty as a "fall guy." Since the defendant in question had already pleaded guilty, there was no prejudice resulting to appellant because of the use of such term in outlining the case to the jury, as it did not relate to appellant.

■ The trial court in some instances referred to the claim of the District Attorney that one of the defendants, Williamson, was a "fence," and stated: "What was the name of that fellow in Dickens, Fagin, wasn't it?" The Court also made reference to what "these fellows" were doing; but there is no doubt that the Court thereafter made clear to the jury that the sole charge against appellant was a violation of the Dyer Act, and it absolved appellant from any charges of conspiracy. The reference to a "fence," and to Fagin, clearly did not relate to Redwitz. The remarks made by the Court were not prejudicial to appellant.

All of the other defendants were tried on conspiracy charges. The trial court dismissed all conspiracy counts as to appellant and clearly instructed the jury that they were to consider only the substantive count charging that appellant knowingly received and sold a motor vehicle which was moving in interstate commerce, knowing that it had been stolen, in violation of the Dyer Act.

■ Reversible error is claimed with regard to the charge of the Court. We find no such error. There were no objections to the charge. Rule 30 of the Federal Rules of Criminal Procedure provides: "No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury."

When the trial court concluded its charge to the jury, it asked: "Any exceptions to the charge?" Counsel for ap-

pellant replied: "Not on the part of Mr. Redwitz, Your Honor, that's fine." The trial court then mentioned that he had intended to charge with regard to two witnesses who were available but who had not been called to testify by one or the other of the parties. One of the defendants, Williamson, objected to this portion of the charge. Appellant did not object. Later, the jury returned for an explanation of the indictment, especially as it referred to appellant. The trial court made a rather full explanation of the indictment insofar as it concerned appellant, and then asked counsel: "Are there any objections, Gentlemen?" Counsel for appellant replied: "No objections, Your Honor."

Under the provisions of Rule 30 of the Federal Rules of Criminal Procedure, appellant may not now assign as error portions of the trial court's charge to which no objection was made.

In accordance with the foregoing, the judgment of the District Court is affirmed.

Aldrich, Circuit Judge, dissented in part.