Robert Eugene FRANKLIN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 24203.

United States Court of Appeals
Fifth Circuit.

Oct. 23, 1967.

Rehearing Denied Nov. 17, 1967.

James W. Smith, Albany, Ga., Harold Lambert, Bainbridge, Ga., for appellant.

Tyrus R. Atkinson, Jr., Asst. U. S. Atty., Macon, Ga., for appellee.

Before TUTTLE, GEWIN and AINSWORTH, Circuit Judges.

GEWIN, Circuit Judge:

The appellant, Robert Eugene Franklin, was found guilty of perjury in violation of Title 18 U.S.C. § 1621 in the United States District Court for the Middle District of Georgia. He was sentenced to a term of three years. On this appeal he contends that the court committed error in denying his motion for continuance; that the proper venue for his trial was the Albany Division and not the Macon Division of the Middle District where he was tried; a directed verdict should have been granted; the court erred in deciding as a matter of law that the testimony was material; and the court's charge was improper. We affirm.

The charge of perjury arose out of the trial of another defendant who was charged with a violation of federal liquor tax statutes. In that trial the appellant was called as a witness. Before he was called as a witness it was claimed that he had executed a sworn statement in the presence of two alcohol and tobacco tax agents who were preparing the evidence for the trial in the liquor case. While on the witness stand the sworn statement was shown to the appellant, but he denied that he gave the statement and denied that he had said anything contained therein. He claimed that he signed a blank piece of paper at the request of the agents and that all of the statements contained therein were inserted by the agents after he signed the blank piece of paper.

The motion for continuance is based upon the fact that the perjury indictment was returned on October 25, 1966, and trial was commenced on October 27, 1966. When the motion for the continuance was made the facts with respect to the charges were fully developed under the direction of the district

court. On September 12, 1966, the appellant was sent a letter by the United States Attorney and in the letter was enclosed the form of a proposed information stating the charges against him and advising him that the United States intended to proceed by information but would seek to obtain an indictment if requested by the appellant. At arraignment on September 23, 1966, appellant was represented by his privately retained counsel and a copy of the proposed information was delivered to counsel at that time. The district court made inquiry as to whether the charges in the proposed information and the charges contained in the indictment were substantially the same and it developed that such charges were identical. It was further shown that prior to the arraignment counsel for appellant had been informed of the charges and so stated to the court. On or before September 26, 1966, appellant's counsel requested a copy of the testimony from the trial out of which the perjury charge arose. During the month of October there was correspondence between appellant's counsel and the U. S. Attorney's office which revealed the date and place the case would be called for trial if an indictment was returned. The record clearly disclosed that the appellant was aware of the charges in excess of 45 days before the trial and that his attorney was aware of such charges and was actively preparing a defense at least 30 days before trial. We are unable to conclude there was any abuse of discretion in denying appellant's motion for continuance. Avery v. State of Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377 (1940); United States v. Redwitz, 328 F.2d 395, 398 (6 Cir. 1964).

■ The appellant claims that the 1966 amendment to Rule 18 of the Federal Rules of Criminal Procedure is unconstitutional in that it provides that the prosecution shall be had in a *district* in which the offense was committed.[1] An accused has a constitutional right to a trial by jury in the *district* where the crime shall have been committed. Art. III, § 2, Cl. 3, U.S.Const.; U.S.Const. Amend. 6. There is no constitutional guaranty that the accused had the right to a trial in the *division* of the district in which the offense was committed. See United States v. Cores, 356 U.S. 405, 78 S.Ct. 875, 2 L.Ed.2d 873 (1958); United States v. Anderson, 328 U.S. 699, 66 S.Ct. 1213, 90 L.Ed. 1529 (1946); Lafoon v. United States, 250 F.2d 958 (5 Cir. 1958).

■ A review of the record clearly convinces us that the court was correct in denying appellant's motion for a directed verdict. There was ample evidence to support the charge if the jury believed such evidence.

We have carefully examined the court's charge in the light of all of the evidence presented and the arguments and contentions of counsel, and we are convinced that no error was committed in the court's instructions to the jury.

Upon a careful review of all of the contentions of the appellant we have concluded that he received a fair trial.

The judgment is affirmed.

---

1. Rule 18, amended February 28, 1966, effective July 1, 1966, provides as follows:

"Except as otherwise permitted by statute or by these rules, the prosecution shall be had *in a district* in which the offense was committed. The court shall fix the place of trial within the district with due regard to the convenience of the defendant and the witnesses." (Emphasis added)

Prior to the amendment the rule stated: "but if the district consists of two or more divisions the trial shall be had in a division in which the offense was committed"