**Ralph DUPOINT, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 24635.**

United States Court of Appeals
Fifth Circuit.

Dec. 1, 1967.

Rehearing Denied Jan. 16, 1968.

a nearby house and parked. It being dark, the officers saw no one leave the car but immediately afterwards one of the officers did see a figure enter the back door of the house. They then saw light, presumably from a flashlight, through the cracks in the floor. There were bumping noises coming from within the house.

In a few minutes appellant came to the back door and looked out, whereupon the officer beamed his flashlight upon him, resulting in a positive identification. Dupoint swiftly closed the door and jumped through a window into the waiting arms of an officer, who held onto him and accomplished his arrest.

The house was situated in the Thomasville Division of the Middle District of Georgia. The indictment, returned October 25, 1966, specifically so charged. Appellant was arraigned in Thomasville but, for lack of a legal jury panel at that place, the trial was transferred to the Valdosta Division. The case was there called for trial on March 27, 1967. Counsel immediately interposed objection to being tried in Valdosta, contending that the changes in Rule 18, Federal Rules of Criminal Procedure had not become effective until after the date of the offense as alleged in the indictment. It will be noted that the Rule changes became effective on July 1, 1966, the alleged offenses took place, if at all, on February 10th preceding, whereas the indictment was returned and the trial occurred subsequent to effective date. The objections were overruled, the trial proceeded, and the appellant was convicted as indicated.

The colloquy between the District Judge and counsel for defendant at the time defendant objected to being tried in Valdosta appears in the record as follows:

"Mr. Toney:

Your Honor, at this time on behalf of the defendant I respectfully interpose an objection to the trial of this case in the Valdosta Division inasmuch as I understand the charge is alleged to have occurred in the Thomasville Division.

S. Gunter Toney, Toney, Rose & Guarisco, Tallahassee, Fla., for appellant.

Walker P. Johnson, Jr., Asst. U. S. Atty., Floyd M. Buford, U. S. Atty., Macon, Ga., for appellee.

Before COLEMAN and GOLDBERG, Circuit Judges, and HANNAY, District Judge.

COLEMAN, Circuit Judge.

A jury in the Valdosta Division of the United States District Court for the Middle District of Georgia convicted the appellant of the possession of an unregistered distillery, 26 U.S.C.A. §§ 5179(a), 5601(a), and of working at such a place where the required signs had not been posted, 26 U.S.C.A. §§ 5180, 5681(c). He was acquitted of counts charging the carrying on of the business of a distiller without giving bond and with intent to defraud the United States of the tax imposed thereon, 26 U.S.C.A. §§ 5173, 5601 (a), and 5602.

On February 3, 1966, an investigation was begun of what appeared to be an abandoned house, with weeds grown up all around it, at a point in Decatur County, Georgia, about 2.3 miles South of Amsterdam. Spent mash (mash already used and discarded) could be seen in a drainage ditch coming from the house. There was also an odor of fermenting mash. Spent mash had been dumped back of the house and a number of empty sugar sacks were in the backyard.

On the night of February 9–10, 1966, the officers had the house under surveillance. At about 1:15 o'clock on the morning of the tenth, a car drove up to

The Court:

What have you got against Valdosta?

Mr. Toney:

Not a thing, Your Honor, Thomasville is a little closer to home.

The Court:

But you are up here now!

Mr. Toney:

Yes, sir.

The Court:

Well, don't the rules say that it can be tried in either division, wherever the Court thinks it ought to be tried, considering the convenience of the parties and the witnesses and so forth?

Mr. Toney:

It is my understanding that the Supreme Court of the United States did pass such a rule, Your Honor, but I understand that that rule was subsequent to these alleged events, and based on the annotations of the amendment to the constitution I don't believe this to be a lawful application of the rule.

The Court:

Yes, but you want a good jury drawn according to the Fifth Circuit specifications, and we have such a jury here now, and we don't have it at Thomasville yet. We haven't reorganized that box yet. Wouldn't you rather try it over here where you have a perfect jury legally speaking?

Mr. Toney:

Well, Your Honor, I will do what the Court thinks best. However, we would like to protect ourselves on the record.

The Court:

That's what I want to do too, protect him constitutionally from every view point and give him a jury that is drawn just from the voters' list at random, purely objectively, and that is what we have.

Mr. Toney:

Yes, sir, I'm confident that is what we have here.

Mr. Buford [United States Attorney]:

I would like for the record to show that this case was set on the Thomasville calendar on the third Monday in November of last year. Of course, counsel exercised his right in behalf of his client not to sign our waiver concerning the jury and for that reason we have set the case on this docket, it being just about as close to Tallahassee as Thomasville, and a jury being reconstituted here. That's the reason this is set here this morning. We did have it on the Thomasville docket and they exercised their right not to sign our waiver concerning possible defects in that box over there, and for that reason we didn't try it at the Thomasville term. I wanted the record to show that.

The Court:

Is that correct, Mr. Toney?

Mr. Toney:

That is correct, Your Honor.

The Court:

Looks to me like this is the time and the place.

Mr. Toney:

All right, sir.

The Court:

I overrule the motion."

Prior to July 1, 1966, Rule 18, Federal Rules of Criminal Procedure, 18 U.S.C.A., provided:

"Except as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed, but if the district consists of two or more divisions the trial shall be had in a division in which the offense was committed."

The new Rule 18, effective July 1, 1966, reads as follows:

"Except as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed. The court shall fix the place of trial within the district with due regard to the convenience of the defendant and the witnesses."

A comparison of the two will show that whereas the former rule in multi-division

districts required "the trial shall be had in a division in which the offense was committed" the present mandate is that the court "shall fix the place of trial within the district with due regard to the convenience of the defendant and the witnesses".

The Notes of the Advisory Committee on Rules, states, 18 U.S.C.A.,

"The amendment eliminates the requirement that the prosecution shall be in a division in which the offense was committed and vests discretion in the Court to fix the place of trial at any place within the district with due regard to the convenience of the defendant and his witnesses."

"The Sixth Amendment provides that the defendant shall have the right to a trial 'by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law * * *.' There is no constitutional right to trial within a division [citing cases]."

■ From the foregoing it is readily apparent that the District Court is now mandatorily directed to exercise due regard for the convenience of the defendant and the witnesses but once this is done it is free to disregard the former division requirement as to place of trial.

This Court has only recently held new Rule 18 to be Constitutional, Franklin v. United States, 384 F.2d 377, October 23, 1967. This case arose, also, in the Middle District of Georgia. The Court, however, dealt only with the Constitutionality of the Rule and the opinion is silent as to the issues presently before us.

Both versions of Rule 18, the old and the new, specifically deal with *trials*.

■ As pointed out in Salinger v. Loisel, 265 U.S. 224, 44 S.Ct. 519, 68 L. Ed. 989 (1924), citing Biggerstaff v. United States, 8 Cir., 1919, 260 F. 926, a criminal trial, within the venue requirements of the Constitution and subsequent Federal statutes, does not embrace the preliminary inquiry and the making of the accusation.

■ A trial for crime is an examination before a competent tribunal of the law and the evidence for the purpose of adjudicating the guilt or innocence of a defendant.

■ Since Dupoint's trial did not begin until March 27, 1967, the District Court clearly had the authority to direct that the trial should be held in Valdosta, assuming that it first exercised due regard for the convenience of the defendant and the witnesses. Therefore, the objection of defendant's counsel on the ground that the offense was committed in the Thomasville Division at a time prior to the effective date of the new Rule, and thus the trial had to be held in Thomasville, is without merit.

■ Obviously, the defendant did not specifically point to a failure to show due regard for his convenience. He did point out that Valdosta was farther from his home than Thomasville but failed to follow up by alleging any particular inconvenience in this regard. It is equally obvious that he did not waive his right to the benefit of the Rule. The District Judge knew of the convenience requirement, for he alluded to it in passing on defendant's objection, but made no factual comment or factual finding in this regard.

■■ The point is that the defendant was originally arraigned in Thomasville, preparatory to a trial at that place. There is no doubt about this. He was entitled to be tried by a lawfully constituted jury. He insisted on it. It was not his fault that no such panel existed. His objection obtained for him no lawful jury in Thomasville; it got him transferred forty-two miles farther from the scene of the alleged offense. The statements of the Judge and the United States Attorney, responding to defendant's objections at Valdosta, irrefutably show that *the real reason for this transfer was the convenience of the prosecution, not the convenience of the defendant.*

We are of the opinion that overruling the defendant's objection was plain error, for which the judgment must be reversed for further proceedings to be had con-

sistently with the requirements of Rule 18.

 The Federal Rules of Criminal Procedure have the force and effect of law. Just as a statute, the requirements promulgated in these Rules must be obeyed. The government argues that so long as the trial was within the District, the matter of the division is not jurisdictional. It is further contended that even if it was error to transfer the trial to Valdosta appellant has shown no prejudice as the result thereof. This does not face up to realities.

 That a defendant should be tried in the division in which the offense was committed, especially when he resides there, is not lightly to be evaded. The real effect of Rule 18 is that it is not to be done except with due regard for the defendant's convenience *and* that of the witnesses. The convenience of the Government is not a factor. As evidenced by the Constitutional requirement that none shall be prosecuted outside the district in which the offense is committed, it is the public policy of this Country that one must not arbitrarily be sent, without his consent, into a strange locality to defend himself against the powerful prosecutorial resources of the Government.

 The appellant further contends on this appeal that the evidence was insufficient as a matter of law to warrant submission of the case to the jury. As to another appellant, we have this day exhaustively considered this issue, Lee Gilliland, Wilmon Roy Green, and Melvin Franklin Pearce v. United States of America, 385 F.2d 912. In view of the likelihood that this case may be tried again, and for the guidance of the District Court in such a trial, we now hold that the proof in this prosecution was sufficient to warrant submission to the jury. Going in the dead hours of the night to an abandoned house, containing a whiskey still, and jumping through a window in an effort to escape when the officers are seen to approach, cannot be said as a matter of law to be consistent with innocence.

 We further hold that the prosecution sufficiently proved the existence of an unlawful distillery. The enforcement officer said that the still was "complete", and proceeded to name some, although not all, of its integral components. This was enough. When one says that he saw an automobile, it should not be necessary that he describe each and all of its mechanical parts in order to establish the existence of the vehicle.

For the plain error herein found, that is, transferring the trial of this appellant to the Valdosta Division for the convenience of the prosecution rather than with due regard for the convenience of the defendant and the witnesses, this case is reversed and remanded for further proceedings not inconsistent herewith.

Reversed and remanded.

## ON PETITION FOR REHEARING

### PER CURIAM:

Upon the original consideration of this appeal we held that a Rule 18 transfer of this case from one division to another "was for the convenience of the prosecution, not the convenience of the defendant", that overruling the defendant's objection was plain error, and the conviction which followed was reversed and remanded. The Government petitions for rehearing, urging that "the error noticed by this Court is neither plain nor does it affect substantial rights as is anticipated by Rule 52(b), Federal Rules of Criminal Procedure".

As early as 1940, the Supreme Court held:

"Of course appellate courts 'in the public interest, may, of their own motion, notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity, or public reputation of judicial proceedings'." United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 60 S.Ct. 811, 84 L.Ed. 1129.

Rule 52(b) of the Federal Rules of Criminal Procedure provides that "Plain error or defects affecting substantial

rights may be noticed although they were not brought to the attention of the court".

Appellant's objections to being tried in Valdosta, although the wrong reasons were assigned, were brought to the attention of the District Court. It might be said, then, that overruling the objections should have been denominated "reversible" rather than "plain". It may be said also, with what justification we are not called upon to judge, that confusion has arisen in the minds of the Bar as to the literally correct meaning of "plain error" as the term has been used in our former opinions.

This Court very recently examined the question in considerable depth in Sykes v. United States, 373 F.2d 607, 1966, cert. denied, 386 U.S. 977, 87 S.Ct. 1172, 18 L.Ed.2d 138 (1967). It was there held that the determination of whether the error was obvious and affected substantial rights is to be made upon the facts of the particular case. This negates the idea of hard and fast classifications in either the application of the principle or the use of a descriptive title.

This case was decided on its particular facts. The record revealed by the prosecutor's statement in open court, that the only consideration for this transfer was the convenience of the Government. The record reveals no consideration for the convenience of the defendant. The transfer was thus wholly without the provisions of Rule 18. It was obviously erroneous. It deprived the defendant of a trial at Thomasville, the division in which the alleged offense occurred, where he had been arraigned, and where he most certainly would have been tried had the Government been in position to prosecute at that place. This is not a case of a man being jailed for lack of bail and needing an early trial. The record shows nothing to indicate that a trial in some other division would have had at least some regard, of some kind, for the convenience of the defendant.

Consequently, whether we call it "reversible error" or "plain error" this appellant is plainly entitled to be tried at Thomasville unless there be a further transfer in accordance with Rule 18, Federal Rules of Criminal Procedure.

The petition for rehearing is Denied.