No. 80–1203.   NEW JERSEY v. READING Co. ET AL.   C. A. 3d Cir.   Certiorari denied.

JUSTICE REHNQUIST, dissenting.

Bankruptcy cases seldom receive much notice outside of those who are familiar with this branch of the law, and it is therefore understandable that there is a dearth of recent bankruptcy precedents decided on the merits in this Court as compared with constitutional cases, labor cases, and other more alluring subjects.   Nonetheless, because it seems to me that the Court of Appeals has failed to heed the meaning of a statute which was enacted by Congress—a meaning plain on its face—I would grant certiorari in order to consider the claims of the State of New Jersey here.

Title 28 U. S. C. § 960 provides:

> "Any officers and agents conducting any business under authority of a United States court shall be subject to all Federal, State and local taxes applicable to such business to the same extent as if it were conducted by an individual or corporation."

Section 77 (e)(3) of the Bankruptcy Act, 11 U. S. C. § 205 (e)(3), as in effect prior to the 1978 revision of the Act, requires a reorganization court to approve a plan of reorganization only if it is satisfied that

> "the plan provides for the payment of all costs of administration and all other allowances made or to be made by the judge, except that allowances provided for in subsection (c), paragraph (12) of this section, may be paid in securities provided for in the plan if those entitled

thereto will accept such payment, and the judge is hereby given power to approve the same."

The District Court here recognized that a trustee, while conducting the business of a debtor railroad, must pay state and local taxes as they accrue. It stated: "It is without question, as the State argues, that a railroad is under a duty to pay state and local taxes as they accrue during a reorganization. 28 U. S. C. § 960." *In re Reading Co.*, 439 F. Supp. 389, 391 (ED Pa. 1977). Yet notwithstanding its acknowledgment of this fact, the District Court on May 21, 1980, approved the trustees' plan which did *not* provide for the payment of state taxes as they accrue and the United States Court of Appeals for the Third Circuit subsequently affirmed.

The District Court rejected the State's contentions because it "found the necessity for the continued operation of the railroad sufficient justification to defer tax payments . . . ." —— F. Supp. ——, —— (1980). The District Court placed reliance on what is perceived to be the public interest in the maintenance of a railroad system. Although one can readily understand and sympathize with such a "public interest," when opposed to Acts of Congress it can turn out to be just as "unruly" a horse as "public policy" has been described in decisions in other fields of the law.

The State of New Jersey now has tax claims against the trustees for the years 1972–1977 in the amount of $250,000. The State has not consented to be paid in securities for its current tax obligations, as would be permitted under § 77 (e)(3) of the Bankruptcy Act. The paramount federal interest to which the District Court and all other courts must defer in this case is the one enacted into law by Congress through the specific legislation previously quoted. Until a contrary intent is manifested through subsequent legislation, it is my opinion that the District Court must follow this ex-

press mandate. Because the courts below failed to adhere to it, I would grant the petition for a writ of certiorari.