**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert E. BURNS and Margaret Ann
Green, Defendants-Appellants.**

No. 80–7617.

United States Court of Appeals,
Eleventh Circuit.

Dec. 7, 1981.

W. Jason Uchitel, Decatur, Ga. (court-appointed), for Green and for Burns.

John L. Sims, Hartsell, Ala., for Burns.

Bill Barnett, Holly L. Wiseman, Asst. U. S. Attys., Birmingham, Ala., for plaintiff-appellee.

Before GODBOLD, Chief Judge, TJOFLAT and VANCE, Circuit Judges.

VANCE, Circuit Judge:

Robert E. Burns and his daughter Margaret Ann Green appeal their convictions under 18 U.S.C. §§ 2, 2312. We reverse and remand for a new trial because of the district court's error in overruling defendants' motion for change in venue.

Defendants were originally indicted on July 6, 1977. Green was charged with four counts of receiving, transporting and selling stolen vehicles. Burns was charged in two of the counts with receiving stolen vehicles. On September 13, 1977 the original indictment was dismissed without prejudice on motion of the government and without objection by defendants.

A superseding indictment was returned on March 8, 1978. In count one, Burns and Harold Lang were charged with interstate transportation of a stolen gray Cadillac automobile. Count two charged Burns and Green with selling the same gray Cadillac. Counts three and five were against Lang alone. Count four charged Green and Burns with receiving a stolen brown Cadillac, and count six charged Green and Burns with receiving stolen blue and silver Cadillacs. Lang pleaded guilty and testified for the government.

Trial began on June 5, 1978. Prior to submission of the case to the jury the trial judge denied defendants' motions for judgment of acquittal, and on June 12, 1978 a jury convicted both defendants on all counts. On June 26, 1978, however, defendants' renewed motions were granted. The government appealed pursuant to 18 U.S.C. § 3731.

On the prior appeal a panel of the fifth circuit reversed the district court's holding that the evidence was insufficient, vacated the judgments of acquittal and remanded for sentencing. *United States v. Burns*, 597 F.2d 939 (5th Cir. 1979).[1] On remand each defendant was sentenced to six months unsupervised probation. Defendants then filed this appeal.

*The Venue Issue*

Defendants reside in Huntsville, which is in Madison County in the Northeastern Division of the Northern District of Alabama. The alleged offenses took place in Madison County and both defendants were arrested there. Defendants averred that a proper defense required their calling a large number of witnesses, all of whom lived in the Huntsville area. Trial was set and held, however, in Birmingham in the Southern Division of the Northern District of Alabama.

Prior to trial Burns and Green moved for change of venue. The United States Magistrate considered their contentions, as well as Rule 18 of the Federal Rules of Criminal Procedure and the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161–74, and recommended that their motions be denied.[2] There is no indication that any hearing was conducted and it is apparent from the language of the recommendation that it only addressed the

---

1. The evidence is set out in detail in the prior opinion.

2. The pertinent portion of the magistrate's order and recommendation is as follows:

   Margaret Ann Green and Robert E. Burns have filed motions requesting that the trial of

this cause be held in the Northeastern Division of this Court at Huntsville, Alabama, rather than in Birmingham, Alabama. The defendants allege that the offense took place in the vicinity of Madison County, Alabama and that the defendants were arrested in Madison County, Alabama. Each defendant

allegations in the motion. The key portion of the recommendation is the sentence, "In view of the foregoing rule and statute *and the policy of this court to conduct all criminal proceedings in Birmingham*, it is recommended that the motions for change of venue be denied." (emphasis added).

Without specifically referring to such recommendation the district judge entered an order on April 12, 1978 stating in pertinent part:

> Having considered the separate motions for change of venue filed by defendant Robert E. Burns and defendant Margaret Ann Green in connection with the time restraints imposed by the Speedy Trial Act under the circumstances surrounding the superseding indictments herein, together with the current pending criminal cases to be disposed of within the next several months in this district, each such motion for change of venue is OVERRULED.

Determining the correctness of that ruling requires consideration of the interplay between Rule 18 and the Speedy Trial Act.

Prior to 1966 Rule 18 required trial in the division in which the offense was committed.[3] The 1966 amendment eliminated the absolute requirement and vested "discretion in the court to fix the place of trial at any place within the district with due regard to the convenience of the defendant and the witnesses." Advisory Committee Notes, Fed.R.Crim.P. 18. In *Dupoint v. United States*, 388 F.2d 39 (5th Cir. 1967), however, the fifth circuit adopted a narrow view of what was meant by "the convenience of the defendant and the witnesses." It held that it was reversible error to overrule a defendant's objection to trial in a division other than the one in which the offense was committed when the reason was the convenience of the prosecution rather than that of the defendant. In *United States v. Fernandez*, 480 F.2d 726, 729–31 (2d Cir. 1973), the second circuit concluded that the convenience of the judge was also an improper basis for the setting of the place of trial.

The Speedy Trial Act of 1974, however, injected another factor into our analysis by providing:

> In any case involving a defendant charged with an offense, the appropriate judicial officer, at the earliest practicable time, shall, after consultation with the counsel for the defendant and the attorney for the Government, set the case for trial on a day certain, or list it for trial on a weekly or other short-term trial calendar at a place within the judicial district, so as to assure a speedy trial.

---

has made a general allegation that a number of defense witnesses will be necessary and that this will be a burden upon the defendants or may render it impossible to secure the presence of defense witnesses in Birmingham as opposed to Huntsville. The defendants do not specify the number of witnesses involved or the type of testimony they will be expected to give.

Rule 18, *F.R.Cr.P.*, provides that as otherwise permitted by statute the prosecution shall be had in a district in which the offense was committed. The court shall fix the place of trial within the district with due regard to the defendant and the witnesses. Title 18 U.S.C. § 3161(a)—Speedy Trial Act—provides along with other things that the court will schedule a trial within the judicial district. In view of the foregoing rule and statute and the policy of this court to conduct all criminal proceedings in Birmingham, it is recommended that the motions for change of venue be denied.

3. Prior to July 1, 1966, Fed.R.Crim.P. 18 provided:

> Except as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed, but if the district consists of two or more divisions the trial shall be had in a division in which the offense was committed.

The amended Rule 18, effective July 1, 1966, read as follows:

> Except as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed. The court shall fix the place of trial within the district *with due regard to the convenience of the defendant and the witnesses.*

(emphasis added).

18 U.S.C. § 3161(a). The legislative history discloses that this provision was intended to "permit the trial of a case at any place within the judicial district. This language was included in anticipation of problems which might occur in districts with statutory divisions, where it could be difficult to set trial outside the division." H.R.Rep. No. 93–1508, 93d Cong., 2d Sess. 29 (1974), *reprinted in* [1974] U.S. Code Cong. & Ad. News 7401, 7422. The 1979 amendment to Rule 18, adopted after the trial of the case before us, eliminated the inconsistency between the Speedy Trial Act and the 1966 version of Rule 18, as interpreted in *Dupoint*, by adding "the prompt administration of justice" as an additional consideration in setting the place for trial. We do not perceive, however, that the 1979 amendment altered the mandate of the Speedy Trial Act.

■ We conclude that the rule since the adoption of the Speedy Trial Act, and as now incorporated in Rule 18, is that the fixing of the place of trial within a district is within the discretion of the trial judge but that in the exercise of that discretion he is to give due regard (1) to the convenience of the defendant, (2) to the convenience of witnesses and (3) to the prompt administration of justice. *Dupoint* and *Fernandez* demonstrate that the court is not authorized to fix the place of trial on the basis of other considerations to the exclusion of these. In applying this formulation it should be borne in mind that since the 1966 amendment a division of a federal judicial district is no longer a unit of venue in criminal cases. *United States v. James*, 528 F.2d 999, 1021 (5th Cir.), *cert. denied* 429 U.S. 959, 97 S.Ct. 382, 50 L.Ed.2d 326 (1976). In addition, a division has no constitutional significance; nor does Rule 18 confer any absolute right on a defendant.[4] *Houston v. United States*, 419 F.2d 30, 33 (5th Cir. 1969). We have also recognized, however,

that "it is the public policy of this Country that one must not arbitrarily be sent, without his consent, into a strange locality to defend himself against the powerful prosecutorial resources of the Government." *Dupoint v. United States*, 388 F.2d at 44. We must remember in applying Rule 18 that Huntsville is almost 100 miles from Birmingham. It is a seat of the Northeastern Division of the Northern District of Alabama and the site of the alleged offenses, as well as the home of defendants and twenty-two of the twenty-four Alabama witnesses.

Defendants argue that Rule 18 was violated in this case because the magistrate's recommendation discloses a *per se* rule to hold in Birmingham all Northern District of Alabama criminal trials. The government counters by stating, "this district now has a general policy, as noted in the Magistrate's Order and Recommendation, of setting criminal trials in Birmingham, where centralized procedures and ample courtroom facilities allow expeditious handling of those cases. This policy is not inflexible, however, and trial judges must exercise their discretion in each case." In an attempt to bolster its position the government moves to supplement the record by proffering transfer orders showing that other cases have been moved from Birmingham. The proffer is of little help to its position, however, because it has only been able to locate three such orders, all by different district judges and all subsequent to the trial of this case.

The Northern District of Alabama contains seven statutory divisions with eight places of holding court. 28 U.S.C. § 81. In that district a substantial portion of all trials and virtually all of the criminal trials are held in the Southern Division at Birmingham. Scheduling disparities are inevitable between that division where trials are being conducted on an almost continuous

---

4. Because juries in the Northern District of Alabama are selected from throughout the district, we are not presented with additional questions which might arise if juries within a division were composed only of jurors from that division.

basis and those less populated divisions where court is held only a few times a year. It is to be expected that these disparities will occasionally result in speedy trial problems in the outlying divisions.

We have no doubt that criminal trials can be scheduled with more efficiency in Birmingham than in the outlying divisions. In this respect the purposes of the Speedy Trial Act may be well served by the routine setting of all criminal trials in Birmingham. We see nothing wrong with such a practice as long as a defendant does not object. It may well be that most defendants prefer or at least have no objection to Birmingham as the place of their trial. Indeed, we are led to believe that such is true. Nonetheless, in this case both defendants objected by appropriate motion addressed to the discretion of the trial court. They were entitled to have the exercise of that discretion be within the ambit of Rule 18 and the Speedy Trial Act.

■ The trial judge's order recites that he considered speedy trial restraints. The reasoning which would support an exercise of discretion in this manner, however, is necessarily circular: all criminal cases are scheduled for trial in Birmingham, none are scheduled for trial in Huntsville; therefore, trial can be scheduled more promptly in Birmingham. More than incantation of the words "speedy trial" is required to distinguish the order in this case from an application of the *per se* rule about which defendants complain. Application of such a rule in this case was reversible error.[5]

■■ We think that a district judge's exercise of discretion resulting in a trial in an environment alien to the accused[6] over a proper objection must be supported by a demonstration in the record that the judge gave due regard to the factors now incorporated in Rule 18. The record in this case does not contain such a demonstration. Obviously trial in Birmingham was inconvenient to objecting defendants. Obviously trial in Birmingham was inconvenient to virtually all of the many witnesses. For speedy trial considerations to outweigh such factors they should be set forth in findings that are sufficiently detailed to allow review. The record before us does not furnish any hint of a reason why a trial could not be held in the Northeastern Division within a reasonable time except for the policy of the court not to do so. The requirements of Rule 18 compel that this be held insufficient.

## Other Contentions

Defendants advance several additional claims of error, four of which require brief discussion.

### (1)

Both defendants now contend that the evidence was insufficient and that the lower court erred in refusing to direct a verdict of acquittal at the conclusion of the evidence. On the prior appeal, however, the court concluded that "the evidence here, viewed in the light most favorable to the Government together with all reasonable inferences, made a case for the jury and was sufficient to support the guilty verdict." *United States v. Burns*, 597 F.2d at 944.

■ Defendants' attempt to present the same issue a second time conflicts with two principles that control our present review. The first is the rule that each panel of this court is bound by prior decisions of this

---

**5.** The government argues that defendants have failed to show prejudice. The defense contends that attendance of certain witnesses could not be secured. The government answers that the testimony of such witnesses would not have been admissible. We do not resolve the prejudice question because as framed by the government it is not distinguishable from the similar contention rejected in *Dupoint v. United States,* 388 F.2d 39, 44 (5th Cir. 1967).

**6.** This characterization from *United States v. Johnson*, 323 U.S. 273, 275, 65 S.Ct. 249, 250, 89 L.Ed. 236 (1944), was quoted by the court in *United States v. Fernandez*, 480 F.2d at 731.

court and by decisions of the fifth circuit prior to October 1, 1981. Such prior decisions can only be overruled by the court sitting en banc. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981); *United States v. Lewis*, 475 F.2d 571, 574 (5th Cir. 1972).

■ The second is the law of the case doctrine, described in *EEOC v. International Longshoremen's Association*, 623 F.2d 1054, 1058 (5th Cir. 1980), *cert. denied*, 451 U.S. 917, 101 S.Ct. 1997, 68 L.Ed.2d 310 (1981), as the rule under which the trial court and appellate courts are bound by any findings of fact or conclusions of law made by the appellate court in a prior appeal of the case at issue. In amplification of the rule we said in *Lehrman v. Gulf Oil Corp.*, 500 F.2d 659, 662 (5th Cir. 1974), *cert. denied*, 420 U.S. 929, 95 S.Ct. 1128, 43 L.Ed.2d 400 (1976):

> This laudable and self-imposed restriction is grounded upon the sound public policy that litigation must come to an end. An appellate court cannot efficiently perform its duty to provide expeditious justice to all "if a question, once considered and decided by it were to be litigated anew in the same case upon any and every subsequent appeal." Not only does the doctrine promote judicial efficiency but it also discourages "panel shopping" at the circuit level, for in today's climate it is most likely that a different panel will hear subsequent appeals.

(footnotes omitted). An exception to the doctrine excuses adherence to a prior holding that is clearly erroneous or would work manifest injustice. *United States v. McClain*, 593 F.2d 658, 664 (5th Cir.), *cert. denied*, 444 U.S. 918, 100 S.Ct. 234, 62 L.Ed.2d 173 (1979). We acknowledge, as did the prior panel, that the sufficiency of the evidence in this case presented an extremely close question. If the issue had been presented to us for the first time we may well have decided it differently. We conclude, however, that our deviation from the prior panel's holding would be unwarranted.

**(2)**

■ Defendants argue that the year's delay between their original indictment and their trial violated their rights under the sixth amendment and the Speedy Trial Act. The government responds that no speedy trial issue is presented because the period from dismissal of the first indictment to the filing of the second is to be excluded from the computation of time, 18 U.S.C. § 3161(h)(6), as are the periods when defendants had motions pending, 18 U.S.C. § 3161(h)(1)(F), and a period when an essential witness was absent, 18 U.S.C. § 3161(h)(3)(A). It is not necessary for us to consider operation of the Act, however, because the indictments here predated the effective date of the Act's sanctions. *United States v. Hill*, 622 F.2d 900, 908 (5th Cir. 1980). From our application of the balancing test of *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), we further conclude that no substantial sixth amendment issue is presented.

**(3)**

■ Green argues that the district court erred in not granting her motion for severance, citing *United States v. Bova*, 493 F.2d 33 (5th Cir. 1974). She complains that she was named in only three of the six counts and that a common scheme or conspiracy was not alleged. Her reliance on *Bova* is misplaced. That case recognizes that joinder is proper where the offenses charged are a series of acts or transactions. That is precisely the situation here as Burns and Green were charged with aiding and abetting each other.

**(4)**

■ Both defendants argue that the district court erred in not suppressing the documentary evidence received by FBI agents when they interviewed Mrs. Green at Burns' residence on May 16, 1977. They were invited in, advised Mrs. Green of her rights and proceeded to question her about stolen automobiles. Mr. Burns entered the room several times and at one point the

agents asked if they could inspect the title documents for the three Cadillacs in his front yard. He produced the documents, stating that he wished to assist their investigation in whatever way he could. He argues that he did so to dissuade the agents from taking his daughter downtown. Defendants now argue, however, that the agents' search and seizure of the documents without a warrant violated their rights under the fourth amendment. The government, citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973), counters that Burns consented to the seizure. We do not reach this issue of consent, however, because we conclude that on the facts presented no search and seizure occurred. *See Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

### Conclusion

We reverse and remand for a new trial because of the district court's error in ruling on defendants' motion for change of venue. Defendants have presented no other error that will affect the proceedings on remand.

REVERSED AND REMANDED.