# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1399

_____

United States of America,

        Appellee,

   v.

Rudolph George Stanko,

        Appellant.

_____

The Fully Informed Jury
Association, Inc.; Jon Roland,
Founder and President of the
Constitution Society; and
Advocates for Justice, Inc.,

        Amicus Curiae.

\*  Appeal from the United States
\*  District Court for the
\*  District of Nebraska.

_____

Submitted:  December 13, 2007
Filed:  June 13, 2008

_____

Before LOKEN, Chief Judge, WOLLMAN and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Rudolph George Stanko appeals his conviction and sentence for providing a false social security number in violation of 42 U.S.C. § 408(a)(7)(B). Stanko repeatedly sought a change of venue from Omaha to North Platte in the District of Nebraska. Because the district court failed to consider the relevant factors for a change of venue motion under Federal Rule of Criminal Procedure 18, we reverse Stanko's conviction and remand this matter to the district court for a new trial after proper consideration of Stanko's motion for change of venue. On remand, we also direct the district court to provide Stanko with access to grand and petit jury selection records, pursuant to 28 U.S.C. § 1867(f).

I.

Stanko was indicted on one count of providing a false social security number to Security First Bank of Rushville, Nebraska, when he opened a checking account for a business entity. On March 6, 2006, the day of his arraignment in this matter, Stanko, who proceeded pro se, filed the following: (1) a motion "to dismiss for wrong venue" because "[t]he crime is alleged to have occurred in the Western Division, not in the Omaha [D]ivision;"[1] (2) a motion demanding "his right to inspect the makeup of the Grand Jury" that issued the indictment against him pursuant to 28 U.S.C. §§ 107, 1861, and 1862, and requesting a dismissal of the indictment because the grand jurors were not selected from the "North Platte Division" of Nebraska, and (3) a motion requesting dismissal because none of the jurors on his grand or petit jury panel were from the "North Platte Division." Two days after filing those motions, Stanko filed a "Petition to Hold Court in the County or Division (Chadron) Where the Crime Is Alleged," in which he requested that the district court "hold court" in the "County (Sheridan) and/or District Division (North Platt or Chadron) where the crime is

---

[1]The District of Nebraska does not maintain divisions, rather the district holds court in three locations–Lincoln, North Platte, and Omaha. 28 U.S.C. § 107.

alleged to have occured [sic]." Stanko also filed a second motion challenging the selection process for grand jurors in which he quoted from 28 U.S.C. § 1867(f).

The district court ruled on these motions, and several others, in a single order entered on March 20, 2006. In denying the motion "to dismiss for wrong venue," the district court ruled that the motion was without merit because Federal Rule of Criminal Procedure 18 permits venue in the District of Nebraska. Describing the motions to dismiss for lack of grand and petit jurors from the North Platte area as motions "to change venue from Omaha to western Nebraska," the district court denied the motions, holding that the Sixth Amendment mandates only that trial be held in the district where the crime allegedly occurred and the District of Nebraska encompasses the entire State of Nebraska. Concerning Stanko's first request to inspect the grand jury makeup, the court denied the request, stating that the grand jury proceedings were "secret and confidential" and that Stanko had failed to "show a particularized need" for the information. The district court denied the second motion to inspect the grand jury list in which Stanko stated that he was proceeding pro se on "just count three (3) in the superceding indictment." The district court "assum[ed] that [Stanko] meant to file this pleading in this other criminal case" because the case before the court involved only one count.

In consideration of Stanko's petition to hold his trial in Sheridan County, the district court "assume[d] that [Stanko was] again asking for a change of venue." The court then recognized that under Federal Rule of Criminal Procedure 18 it "must set the place of trial within the district with due regard for the convenience of the defendant, and the witnesses, and the prompt administration of justice." Without further explanation, the district court determined that Stanko "ha[d] not offered any reasons as to why this case should be tried in a location other than Omaha" and summarily denied the motion. On March 31, 2006, Stanko sought to file an interlocutory appeal of this denial, however this court entered a judgment dismissing

-3-

the appeal for lack of jurisdiction. The mandate was issued on June 29, 2006, and docketed in the district court on July 3. 2006.

Undeterred, Stanko filed a "Motion for Change of Venue with Supporting Declaration" on July 31, 2006, referencing the district court's denial of his prior motion due to his failure to offer reasons why the case should be tried in a location other than Omaha. Stanko argued that (1) he is a resident of Sheridan County, Nebraska, (2) Sheridan County is approximately 500 miles from Omaha, (3) the crime is alleged to have occurred in Sheridan County, (4) all witnesses reside between 400 and 600 miles from Omaha, (5) a trial in Omaha would not provide him with a jury of rural western Nebraska jurors, and (6) the distance that witnesses and jurors from western Nebraska would have to travel to attend the trial in Omaha would cause an undue hardship. The district court denied this motion to change venue because it had set a March 26, 2006 deadline for the filing of all pretrial motions. The court noted that it had "permitted some leeway" with regard to this pretrial deadline due to Stanko's incarceration but would "not permit a reconsideration of this motion five months after its denial."

Four days before trial, Stanko filed a "Motion to Inspect Jury Makeup and Completed Juror Qualification Forms" along with a supporting affidavit, in which he contended that in his previous criminal trial all the petit jurors were from Douglas and Sarpy Counties and none of the grand jurors resided in the western third of Nebraska. The district court responded that Stanko would "be provided with a list of juror names and stickers for the seating chart at the onset of trial beginning Monday, October 23, 2006. The court will give further instructions regarding the use of this information at the time of trial."

The trial was conducted on October 24 and 25, 2006, and resulted in Stanko's conviction on one count of violating 42 U.S.C. § 408(a)(7)(B). Stanko was

subsequently sentenced to twelve months and one day of imprisonment to be followed by three years of supervised release.

## II.

On appeal, Stanko raises multiple issues including that (1) his arraignment was improperly conducted, (2) he was denied access to records about grand jury members, (3) the district court erred in denying his request for change of venue, (4) he was denied the right to compel witnesses to appear, (5) he was subjected to selective and vindictive prosecution, (6) the government misrepresented evidence to the jury in the closing argument, and (7) the district court abused its discretion in rejecting a proposed jury instruction.

In his first point of appeal, Stanko contends that, because his arraignment in this matter occurred at the conclusion of a detention hearing in a separate matter, his arraignment was improper. Because he does not claim that he lacked sufficient notice of the charges brought against him or that he was unable to defend himself against the charges because of a deficient arraignment, we find no violation of his rights. See Garland v. Washington, 232 U.S. 642, 645 (1914) (holding that lack of formal arraignment does not deprive defendant of any substantial right so long as accused had sufficient notice of accusation and adequate opportunity to defend himself); United States v. Reynolds, 781 F.2d 135, 136 n.2 (8th Cir. 1986) ("[A]bsence of a formal arraignment is of little consequence.").

## A.

"The sixth amendment to the United States Constitution requires that a trial be held in the state and district where the crime was committed. However, a defendant does not have a right to be tried in a particular division." United States v. Wipf, 397 F.3d 677, 686 (8th Cir. 2005) (quoting United States v. Davis, 785 F.2d 610, 616 (8th

Cir. 1986)); see United States v. Thiel, 619 F.2d 778, 780 (8th Cir. 1980); United States v. Young, 618 F.2d 1281, 1288 (8th Cir. 1980). "We review a denial of a motion for a change of venue for abuse of discretion." United States v. Allee, 299 F.3d 996, 999 (8th Cir. 2002). "A district judge has broad discretion in determining where within a district a trial will be held, and to overturn the court's decision the defendant must prove abuse of that discretion or prejudice." Davis, 785 F.2d at 616; United States v. Anderson, 626 F.2d 1358, 1375 (8th Cir. 1980) ("Absent any prejudice to the defense, the decision of the trial court cannot be considered an abuse of discretion.").

Federal Rule of Criminal Procedure 18 prescribes that a district court "set the place of trial within the district with due regard for the convenience of the defendant and the witnesses, and the prompt administration of justice." The District of Nebraska has adopted a local rule presuming that criminal trials will be held in either Omaha or Lincoln and mandating that "[c]riminal cases will be held in North Platte only upon motion." Neb. Local Crim. R. 18.1(a) (2007). The local rule provides that "[a]ny party may request a change of the place of trial after the arraignment and before the time set for filing pretrial motions in the scheduling or progression order. The request must be made by motion and supported by affidavit." Id. at 18.1(b). Nothing in Rule 18 places the burden on the defendant to establish the reason for the change of venue, rather Rule 18 mandates that district courts consider the factors of convenience to the defendant, convenience to the witnesses, and the prompt administration of justice when considering where trial should be held.

Here, the district court denied the March 6 motions on March 20 because Stanko had "not offered any reasons as to why this case should be tried in a location other than Omaha." Stanko repeatedly stated in his early motions requesting a change of venue that the crime allegedly occurred in the "North Platte Division." The district court does not indicate that the reason it denied Stanko's early change of venue motions was because of his failure to comply with the local rule's affidavit

-6-

requirement. Later, when Stanko presented several reasons, including the considerable distance between his home and the home of many of the witnesses to the trial location in Omaha, the court refused to consider those reasons because the renewed motion was filed on July 31 and the deadline for pretrial motions was March 26, six days after the court denied the original venue motion.

There is no evidence in the record that the district court undertook any consideration of the convenience of the defendant or witnesses or the prompt administration of justice when it denied Stanko's motions. The Eleventh Circuit considered a similar situation in United States v. Burns, 662 F.2d 1378 (11th Cir. 1981). In Burns, the defendants sought to change venue from the Southern Division of the Northern District of Alabama to the Northeastern Division of the district, "averr[ing] that a proper defense required their calling a large number of witnesses, all of whom lived in the Huntsville area." Id. at 1380. A magistrate judge entered a recommendation that the motions for change of venue be denied, and the district judge entered an order denying the motions but without reference to the magistrate judge's recommendation. Id. at 1380-81. The district court's order stated that the motions were denied because of "time restraints imposed by the Speedy Trial Act . . . together with the current pending criminal cases to be disposed of within the next several months in this district . . . ." Id. at 1381. The Eleventh Circuit reversed the defendants' convictions and remanded the matter for a new trial because of the district court's error in ruling on the change-of-venue motions. Id. at 1383. The Eleventh Circuit explained:

> We think that a district judge's exercise of discretion resulting in a trial in an environment alien to the accused over a proper objection must be supported by a demonstration in the record that the judge gave due regard to the factors now incorporated in Rule 18. The record in this case does not contain such a demonstration. Obviously trial in Birmingham was inconvenient to objecting defendants. Obviously trial in Birmingham was inconvenient to virtually all of the many witnesses.

> For speedy trial considerations to outweigh such factors they should be set forth in findings that are sufficiently detailed to allow review. The record before us does not furnish any hint of a reason why a trial could not be held in the Northeastern Division within a reasonable time except for the policy of the court not to do so. The requirements of Rule 18 compel that this be held insufficient.

Id. (footnote omitted).

At argument in this matter, the government conceded that had the district court considered the convenience of the witnesses and the defendant, this factor would have overwhelmingly supported holding Stanko's trial in North Platte. Rushville, Nebraka, where Stanko allegedly provided the false social security number, is approximately 200 miles closer to North Platte than it is to Omaha.[2] Stanko requested issuance of subpoenas for over forty witnesses. The district court directed that subpoenas be issued for only nine witnesses, among them only one character witness. Four of those nine witnesses were also on the government's witness list. Five of the seven witnesses called at trial resided in either Rushville, Nebraska or nearby Chadron, Nebraska.

We recognize that the district court granted Stanko's request to subpoena Catherine Stanko, the defendant's daughter, and ordered that one-way mileage and one-day witness fee be paid to assist her in attending. At trial, Stanko attempted to call Catherine Stanko as a witness. She was not present, and Stanko stated that, although she had been served and "had a ride," she was unable to attend the trial because "she didn't have any funds" to afford the trip to Omaha. In addition to convenience to the witnesses, the court must consider the convenience to the defendant. A component of that factor is the ability of family, friends, and other supporters to attend trial. Logically, holding a defendant's trial approximately 200

---

[2] 2008 Rand McNally Road Atlas at 62-63. The distance from Rushville, Nebraska to Omaha, Nebraska is 405 miles; the distance from Rushville, Nebraska to North Platte, Nebraska is 214 miles. Id.

miles further than the nearest location permitted for such a trial would influence the ability of family and friends to attend, thus impacting the convenience to the defendant.

The government maintains, however, that Stanko failed to prove that he was prejudiced by the holding of trial in Omaha. In light of the government's concession that convenience to Stanko and the witnesses would have overwhelmingly supported holding trial in North Platte, we find that Stanko was prejudiced. To hold otherwise would undermine the relevance and impact of the Rule 18 factors. Dupoint v. United States, 388 F.2d 39, 44 (5th Cir. 1967) (holding that "it is the public policy of this Country that one must not arbitrarily be sent, without his consent, into a strange locality to defend himself against the powerful prosecutorial resources of the Government"); see Burns, 662 F.2d at 1383 n.5 (declining to "resolve the prejudice question because as framed by the government it is not distinguishable from the similar contention rejected in Dupoint").

While the district court retains considerable discretion in determining the place of trial, that discretion is contingent upon the court's consideration of the factors provided in Rule 18 when ruling on a proper motion for change of venue. Although we cannot say that proper consideration would have necessarily resulted in the transfer of the trial to North Platte, absent such a showing of consideration, we are left with no alternative than to reverse Stanko's conviction and sentence and remand this matter for a new trial after appropriate consideration of Stanko's change-of-venue motions.

B.

At his arraignment and later before the beginning of the trial, Stanko sought release of grand and petit juror information used in the selection of the juries. Although "[t]he contents of records or papers used by the jury commission or clerk in connection with the jury selection process shall not be disclosed," an exception

exists for parties "to inspect, reproduce and copy such records or papers at all reasonable times during the preparation and pendency" of a motion challenging the jury selection process. 28 U.S.C. § 1867(f). The Supreme Court has explained that under section 1867(f), "a litigant has essentially an *unqualified* right to inspect jury lists." Test v. United States, 420 U.S. 28, 30 (1975). "To avail himself [or herself] of [the] right of access to otherwise unpublic jury selection records, a litigant need only allege that he [or she] is preparing a motion challenging the jury selection procedures." United States v. Alden, 776 F.2d 771, 773 (8th Cir. 1985) (alteration in original) (quoting United States v. Layton, 519 F. Supp. 946, 958 (N.D. Cal. 1981)). A defendant may not be denied this unqualified right even when he "fails to allege facts which show a 'probability of merit in the proposed jury challenge,'" id. at 774 (quoting United States v. Beaty, 465 F.2d 1376, 1380 (9th Cir. 1972)), because "[g]rounds for challenges to the jury selection process may only become apparent after an examination of the records." Id. at 775. A fair reading of Stanko's motions shows that he was questioning the composition of the grand and petit juries and was seeking information he believed was necessary to challenge the jury selection process.

The district court erred in denying Stanko's request to review the grand jury and petit jury records. The district court's requirement that Stanko show a "particularized need" for the records ignores the dictates of the statute and the Supreme Court's application of the statute. While a party seeking disclosure of the proceedings or minutes before a grand jury must demonstrate a "particularized need," see Fed. R. Crim. P. 6(e)(3)(E)(ii) (court may authorize disclosure of a grand-jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury"); United States v. Broyles, 37 F.3d 1314, 1318 (8th Cir. 1994) ("It is well-established that a showing of a 'particularized need' is necessary before the court will accede to . . . a release [of grand-jury matters]."), Stanko was requesting those records used in the jury selection process, and, thus, he did not need to show a "particularized need" to obtain those

-10-

records. On remand, we direct the district court, upon a proper motion from the defendant, to observe the requirements of 28 U.S.C. § 1867(f).

Because we find Stanko's claim concerning his motion for a change of venue to be meritorious, we do not reach the remaining trial issues Stanko raises on appeal.

## III.

Accordingly, we reverse Stanko's conviction and sentence and remand this matter for a new trial.

_____