SHEPHERD, Circuit Judge,
concurring.
I concur in this court’s decision affirming Worthey’s conviction and sentence in all respects. I write separately, however, to comment on the denial of Worthey’s motion that his trial be moved from Little Rock to Jonesboro, his home and the location of the events giving rise to his prosecution, and to affirm that “it is the public policy of this Country that one must not arbitrarily be sent, without his consent, into a strange locality to defend himself against the powerful prosecutorial resources of the Government.” See United States v. Stanko, 528 F.3d 581, 586 (8th Cir.2008) (internal quotation marks omitted).
While I agree that Worthey’s case is distinguishable from Stanko and that the district court did not abuse its discretion in denying a change of venue in this case, I find suspect the government’s[5] reliance in *1117 resisting Worthey’s motion on the possibility that, due to the absence of secured hallways in the Jonesboro courthouse, the jury would view Worthey in custody, implying that trial in the more state-of-the-art Little Rock courthouse would not present this risk.
First, it is not clear from the record that a juror would never see a defendant in custody when tried in the Little Rock courthouse. Second, it is not a given that prejudice to a defendant results from a juror seeing the defendant in custody before or during a criminal trial. See United States v. Robinson, 645 F.2d 616, 617 (8th Cir.1981) (per curiam) (holding “brief and inadvertent exposure of defendants to jurors is not inherently prejudicial” and that defendant bears burden of “affirmatively demonstrating prejudice”). Further, the standard jury instructions — cautioning that the defendant is presumed innocent unless and until proven guilty beyond a reasonable doubt, and that an indictment is simply an accusation — minimize the potential prejudice arising from such an observation. See Eighth Circuit Manual of Model Jury Instructions: Criminal §§ 1.01, 3.05, 3.06 (2011). Third, if as here, the defendant is willing to risk being seen by the jury while in custody, then in my view, the court should not consider such a possibility as a factor supporting the denial of a requested change of venue or in conducting its Rule 18 analysis.

. It is difficult to discern from the district court's September 7, 2011 order or September 21, 2011 order whether it relied on the *1117 government's explanation that the jury would view Worthey in custody as a grounds for denying the motion to transfer.