# United States Court of Appeals
### For the Eighth Circuit

_____

No. 25-2108
_____

United States of America

*Plaintiff - Appellee*

v.

Deshante R. Nabors

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau
_____

Submitted: April 29, 2026
Filed: May 5, 2026
[Unpublished]
_____

Before LOKEN, SMITH, and BENTON, Circuit Judges.
_____

PER CURIAM.

Deshante Nabors, who is proceeding pro se, appeals the judgment entered and sentence imposed by the district court[1] after a jury found him guilty of a drug offense.

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

On appeal, Nabors raises numerous issues related to the denial of his pretrial motions, the trial, prosecutorial misconduct, his sentence, and ineffective assistance of counsel.

In denying Nabors's motion to suppress evidence, the district court adopted the report and recommendations of a magistrate judge.[2] We affirm the court's ruling based on the reasons stated by the magistrate judge. See United States v. Holly, 983 F.3d 361, 363 (8th Cir. 2020) (standard of review); see also United States v. Harris, 617 F.3d 977, 979 (8th Cir. 2010); United States v. Nevatt, 960 F.3d 1015, 1020 (8th Cir. 2020) (per curiam). We also see no merit to Nabors's challenges to the denial of his motions to quash the indictment and to inspect the grand jury list. See United States v. Sitladeen, 64 F.4th 978, 983 (8th Cir. 2023); United States v. Stanko, 528 F.3d 581, 586-87 (8th Cir. 2008).

Nabors has not provided a trial transcript. To the extent he has not waived his trial-related claims, see Meroney v. Delta Int'l Mach. Corp., 18 F.3d 1436, 1437 (8th Cir. 1994), we conclude they lack merit. Drug quantity was not an element of the offense, see United States v. Aguayo-Delgado, 220 F.3d 926, 934 (8th Cir. 2000); there is no indication that a jury instruction on simple possession was warranted, see United States v. Mazzulla, 932 F.3d 1091, 1101 (8th Cir. 2019); and he failed to present any evidence of deliberate exclusion of black jurors, see United States v. Jefferson, 725 F.3d 829, 835 (8th Cir. 2013). We also conclude that Nabors's prosecutorial misconduct claims lack any support in the record. See United States v. Clayton, 787 F.3d 929, 933 (8th Cir. 2015).

As to Nabors's challenges to the Guidelines calculations, we conclude that the district court properly calculated his criminal history score, and that Nabors failed to

---

[2]The Honorable Abbie Crites-Leoni, United States Magistrate Judge for the Eastern District of Missouri.

show that the obstruction-of-justice enhancement he received for making false statements during the trial was erroneous. See United States v. Turner, 781 F.3d 374, 393 (8th Cir. 2015) (standard of review); U.S.S.G. §§ 4A1.2(a)(2), 3C1.1, comment. (n.2).

Finally, we decline to address his ineffective-assistance claim on direct appeal. See United States v. Ramirez-Hernandez, 449 F.3d 824, 826-27 (8th Cir. 2006). Accordingly, we affirm. We also deny Nabors's motion to strike the government's brief.

_____