[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 21, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14425
Non-Argument Calendar

_____

D. C. Docket No. 91-00300-CR-T-17-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NORMAN LEON BURGESS,
a.k.a. Shine,
a.k.a. Leon Burgess,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 21, 2008)

Before TJOFLAT, BARKETT  and PRYOR , Circuit Judges.

PER CURIAM:

In United States v. Brazel et al., 102 F.3d 1120 (11th Cir. 1997), we affirmed appellant's convictions and sentences for conspiracy to distribute cocaine base and for use of a firearm during the commission of a drug trafficking crime.[1] In United States v. Burgess (BurgessI), No. 97-3455 (11th Cir. 1999) (unpublished), we affirmed the district court's denial of appellant's 18 U.S.C. § 3582(c)(2) motion to reduce his life sentence pursuant to Amendment 505 to the Sentencing Guidelines. On August 15, 2007, appellant again moved the district court under § 3582(c)(2) to reduce his life sentence pursuant to Amendment 505, and again the court denied his motion. He now appeals its ruling, contending that the court, in denying his first § 3582(c)(2) motion, failed to take into consideration the sentencing factors of 18 U.S.C. § 3553(a) and the Supreme Court's holding in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Booker is inapplicable in § 3582(c)(2) proceedings.[2] As for appellant's § 3582(c)(2) argument, it is barred by the law of the case doctrine. Under that doctrine, "the trial court and appellate courts are bound by any findings of fact or conclusions of law made by the appellate court in a prior appeal of the case at

---

[1] Appellant was sentenced to life imprisonment on the conspiracy count and a consecutive five-year prison sentence on the firearm count.

[2] Booker is inapplicable to § 3582(c)(2) motions," and cannot serve as the basis for reducing a prisoner's sentence under § 3582(c)(2). United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005).

issue." United States v. Burns, 662 F.2d 1378, 1383-84 (11th Cir. 1981) (applying the law-of-the-case doctrine to this Court's conclusion, on prior appeal, that the evidence was sufficient to support the defendants' guilty verdict). The doctrine precludes courts from revisiting issues that were decided both explicitly and by necessary implication in a prior appeal. See Luckey v. Miller, 929 F.2d 618, 621 (11th Cir. 1991) (civil context). Implicit in Burgess I panel's disposition is the holding that the district court properly took the § 3553(a) factors into account in denying appellant § 3582(c)(2) relief.

**AFFIRMED.**