[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14266
Non-Argument Calendar

_____

D.C. Docket No. 8:91-cr-00300-EAK-3

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

NORMAN LEON BURGESS,
a.k.a. Shine,
a.k.a. Leon Burgess,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 27, 2013)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Norman Burgess appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce sentence based on Amendment 505 to the Sentencing Guidelines.[1]  After thorough review, we affirm.

Burgess was convicted in 1993 of conspiracy to distribute crack cocaine and use of a firearm during and in relation to drug trafficking.  At sentencing, the district court held him accountable for 144.6 kilograms of crack cocaine, which triggered a base offense level of 42 under the Sentencing Guidelines and a total offense level of 45.  Burgess's resulting guidelines range was life imprisonment. The district court sentenced Burgess to life imprisonment on the drug count and a mandatory five-year sentence on the firearm count.

We upheld Burgess's convictions and sentences on direct appeal.  *United States v. Brazel*, 102 F.3d 1120 (11th Cir. 1997).  In doing so, we expressed doubt that Burgess was responsible for 144.6 kilograms of crack cocaine, but stated that there was sufficient evidence to hold him accountable for 85.6 kilograms, which was still significantly more than required to trigger a base offense level of 42.  *Id.* at 1158-61.

In September 1997, Burgess moved for a reduction in sentence under § 3582(c)(2) based on Amendment 505, which capped the offense level at 38 –

---

[1] Although Burgess also based his motion on Amendment 750, he has not made this argument on appeal and has, therefore, abandoned it.  *See United States v. Cunningham*, 161 F.3d 1343, 1344 (11th Cir. 1998).

corresponding to 1.5 kilograms or more of crack cocaine – for certain drug offenses, including Burgess's. The district court declined to exercise its discretion to lower Burgess's sentence and denied the motion, and we affirmed. *United States v. Burgess* (*Burgess I*), 190 F.3d 540 (11th Cir. 1999) (unpublished table decision). Ten years later, Burgess again moved for a reduction in sentence under Amendment 505. This time, he argued that the district court erred in his first § 3582(c)(2) proceeding, in part by basing its decision on an amount of crack cocaine that this court rejected in his direct appeal. The government responded that, due to the extraordinary quantity of crack cocaine for which Burgess was responsible, even if the district court accepted the amount we mentioned in dicta on direct appeal, a reduction in his sentence was unwarranted. The district court adopted the government's reasoning and denied Burgess's motion. We affirmed again. *United States v. Burgess* (*Burgess II*), 278 F. App'x 959, 959 (11th Cir. 2008) (unpublished).

In December 2008, Burgess filed a third § 3582(c)(2) motion, based in part on Amendment 505. The district court denied this motion based on the government's argument that the law-of-the-case doctrine prohibited Burgess's Amendment 505 argument. Burgess filed a motion to alter or amend the judgment, which the district court denied. Burgess did not appeal. Then, in January 2012, Burgess filed this § 3582(c)(2) motion, his fourth. The government responded that

the court had already declined to exercise its discretion to reduce Burgess's

sentence under Amendment 505.  The district court agreed with the government's

reasoning and denied Burgess's motion.  This is his appeal.

We review a district court's decision not to reduce a sentence under

§ 3582(c)(2) for an abuse of discretion.  *United States v. Davis*, 587 F.3d 1300,

1303 (11th Cir. 2009).  A district court's application of the law-of-the-case

doctrine, however, is a legal conclusion that we review *de novo*.  *United States v.*

*Bobo*, 419 F.3d 1264, 1267 (11th Cir. 2005).

The law-of-the-case doctrine provides:  "An appellate decision binds all

subsequent proceedings in the same case not only as to explicit rulings, but also as

to issues decided necessarily by implication on the prior appeal."  *United States v.*

*Tamayo*, 80 F.3d 1514, 1520 (11th Cir. 1996).  There are narrow exceptions

"where there is new evidence, an intervening change in controlling law dictating a

different result, or the appellate decision, if implemented, would cause manifest

injustice because it is clearly erroneous."  *Id.*  The law-of-the-case doctrine applies

to § 3582(c)(2) proceedings.  *See United States v. Escobar-Urrego*, 110 F.3d 1556,

1560-61 (11th Cir. 1997).

We conclude the law-of-the-case doctrine applies to preclude a reduction in

Burgess's sentence based on Amendment 505.  In *Burgess II* we affirmed the

denial of Burgess's request for a reduction under Amendment 505, necessarily by

4

implication incorporating the district court's reasoning that, whether Burgess was held responsible for 85.6 or 144.6 kilograms of crack cocaine, a reduction in sentence was not warranted. *See Burgess II*, 278 F. App'x at 959. That holding is the law of this case and accordingly binds us with respect to our analysis of Burgess's current appeal based on the same argument. *See Tamayo*, 80 F.3d at 1520.

And we cannot agree with Burgess that the manifest injustice exception to the doctrine applies here. In denying Burgess's second § 3582(c)(2) motion, the district court found that, even if the court were to hold Burgess responsible for only 85.6 kilograms of crack cocaine, that amount – more than 50 times the triggering amount for a base offense level 38 – was so extraordinary that a reduction was not warranted. We affirmed that ruling. Burgess cannot show that this reasoning is clearly erroneous because it relies, in part, on exactly the drug calculation he asks us to consider. Accordingly, Burgess cannot show our reliance on that reasoning in this appeal would cause manifest injustice.

**AFFIRMED.**