# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30929
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 5, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DEMETRIO REGALADO, also known as Dee,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:09-CR-124-1

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:*

Demetrio Regalado appeals the sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute methamphetamine and cocaine in violation of 21 U.S.C. § 846. He argues that the district court erred by imposing a four-level enhancement under U.S.S.G. § 3B1.1(a) based on the finding that he was an organizer or leader of the offense and by denying a mitigating role reduction under U.S.S.G. § 3B1.2. He also

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30929

challenges the district court's enhancement of his sentence under U.S.S.G. § 3B1.4 for the use of a minor in the offense.  Finally, Regalado argues that his 25-year sentence is substantively unreasonable.

This court generally reviews the district court's interpretation and application of the Sentencing Guidelines de novo and examines its factual findings for clear error.  *United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006).  However, if a defendant raises an objection for the first time on appeal, or raises an objection that is different from the one he raised in the district court, review is for plain error only.  *United States v. Juarez*, 626 F.3d 246, 253-54 (5th Cir. 2010).

Regalado objected to the enhancement for the use of a minor, but he did not object to the organizer/leader enhancement or to the district court's failure to afford him a mitigating role reduction.  Therefore, his remaining Sentencing Guidelines issues are reviewed only for plain error.

The adopted factual findings from the presentence report reveal that Regalado was the one whom "Mario," the foreign supplier, contacted regarding incoming drug shipments.  Regalado negotiated drug transactions, including one for the purchase of 1 kilogram of methamphetamine for $31,000.  He dispatched "runners" to deliver drugs to buyers, to pick up money from buyers, and to pick up couriers from the bus station.  This court has affirmed the application of the § 3B1.1(a) enhancement under similar facts.  *See, e.g.*, *United States v. Cantu-Ramirez*, 669 F.3d 619, 629-30 (5th Cir. 2012) (upholding application of organizer/leader enhancement based, in part, on evidence that the defendant instructed drivers who transported drugs regarding where and

when to go, that he told them to check with him, and that he oversaw the distribution of large quantities of drugs).[1]

Regalado was properly classified as an organizer/leader for purposes of § 3B1.1(a). For the same reasons Regalado was a leader, he was not a minor participant, thus he was necessarily ineligible for a "minor role" reduction under § 3B1.2, and the district court did not err in refusing the reduction. *See United States v. Villanueva*, 408 F.3d 193, 203-04 (5th Cir. 2005).

Regalado concedes on appeal that the drugs he received were "sometimes delivered by minor couriers," but he contends that the enhancement should not apply because the decision to use the minor was made by his supplier, not him. Although the § 3B1.4 enhancement does not apply if the minor is "merely present" at the scene of the crime, it does apply if the defendant "take[s] some affirmative action to involve the minor in the offense." *United States v. Andres*, 703 F.3d 828, 835 (5th Cir. 2013) (citation omitted). By accepting the drugs from the minor, Regalado took the kind of "affirmative action" that involved the minor in the offense. *See id.*

Finally, Regalado argues that his 25-year sentence is substantively unreasonable. In this circuit, sentences within or below the calculated Guidelines range are presumed reasonable. *United States v. Simpson*, 796

---

[1] The district court engaged in a lengthy colloquy during sentencing analogizing the drug ring in which Regalado operated to a corporation with offices and various employees. Throughout the hearing, the district court asserted that Regalado was a "leader of his division" and a mid-level manager although not *the* overall leader of the "organization." Regalado seizes on this discussion to argue that the district court did not find that he was *a* leader under the guidelines. We conclude that the district court's statements, in context, are not inconsistent with the four-level enhancement applied. At most for Regalado, these comments might support an argument for a three-level, rather than four-level, enhancement. Regalado does not argue that he should have received a manager, rather than leader, enhancement (three-level vs. four-level). This is probably because the resulting guidelines range (360 months to life) would continue to be well above the sentence given. Particularly in light of the district court's statement that it would give this sentence even if there had been an error in the guidelines calculation, we do not find plain error here.

No. 15-30929

F.3d 548, 558 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 920 (2016).  Regalado has failed to rebut the presumption of reasonableness that attaches to a below-Guidelines sentence or show that his sentence is substantively unreasonable. *See id.*

For the forgoing reasons, we AFFIRM.