# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1423

_____

United States of America

*Plaintiff - Appellee*

v.

Fredrick Ernest Graham

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: December 13, 2016
Filed: February 22, 2017
[Unpublished]

_____

Before WOLLMAN, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

A jury convicted Fredrick Graham of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and the district court[1] sentenced him to 105

---

[1]The Honorable Ronnie L. White, United States District Judge for the Eastern District of Missouri.

months in prison and three years of supervised release.  Graham appeals, arguing that the district court abused its discretion by admitting evidence of his 2009 firearm-related arrest and by refusing his proposed jury instruction on implicit racial bias.  We affirm.

At 11:30 p.m. on September 3, 2014, Saint Louis, Missouri, Police Detectives Gregory Klipsch and Matthew Manley were patrolling an area that had experienced a spate of robberies, shootings, and other violent crimes.  The detectives were driving an unmarked car and were wearing clothing emblazoned with the word "POLICE."  The detectives saw Graham walking on the sidewalk as they drove slowly down the block and observed Graham's repeated glances over his shoulder in their direction.  Graham suddenly turned, left the sidewalk, approached a residence, and adjusted the left side of his waistband as he walked up the steps and onto the front porch of the house.  The detectives stopped their car and saw that Graham did not knock on the front door or enter the residence but continued to look over his shoulder in their direction.

Manley, still seated in the unmarked car, identified himself as a police officer and asked Graham if he lived at the residence.  Graham replied that he did, but after being unable to provide the house's address, he stated that it was actually his sister's residence and that he did not know the address.  As the detectives exited their vehicle to investigate further, Graham fled.  Klipsch gave chase on foot and saw that Graham was holding the left side of his waistband.  Graham eventually removed a firearm from his waistband during the chase, threw it to the ground, and continued to flee.  After several times ordering Graham to stop and shouting that he was under arrest, Klipsch was able to apprehend Graham only after deploying his taser.

The detectives searched Graham incident to his arrest, seizing a ski mask and a pair of gloves from a pocket of his shorts.  The detectives then returned to the area where Graham had thrown the firearm and recovered a fully loaded and functioning

Sig Sauer semi-automatic pistol. During a later interaction with Officer Manley, Graham stated, "I thought about shooting you. That 'Sig' would have hurt, too."

Graham proceeded to trial on the single felon-in-possession charge. The government provided notice that it intended to offer evidence at trial of Graham's October 2009 firearm-related arrest. During that incident, Saint Louis police officers observed Graham attempting to hide behind a bush while clad in a camouflage jacket. Graham fled into a nearby residence as the officers approached, holding his jacket pocket as he did so. The officers followed, and after receiving the homeowner's permission to enter they discovered the now-unjacketed Graham standing in the hallway. The officers seized a loaded Cobra semi-automatic pistol from a pocket of the jacket, which had been discarded in the living room. Graham filed a motion in limine to exclude this evidence, and the government filed a similar motion for its admission. After a hearing on the motions, the district court announced its preliminary ruling to admit the evidence.

Graham declined to stipulate to his prior convictions, thereby putting the government to its burden of proof to establish each element of the felon-in-possession charge. The government called four witnesses at trial to testify to the facts as set forth above. Outside the presence of the jury, the court heard additional argument regarding admission of the 2009 firearm-related arrest. The government asserted that this evidence was admissible under Federal Rule of Evidence 404(b) because it was relevant to Graham's knowledge of and intent to possess the firearm and because it was higher in probative value than in prejudicial effect. Graham argued, however, that knowledge and intent were not at issue because his theory of defense was that he had never possessed the firearm, not that he did not know he had possessed it or did not intend to possess it. Thus, Graham argued, the government was offering evidence of his 2009 arrest merely to prove his criminal propensity—an impermissible purpose under Rule 404(b). The district court rejected Graham's argument and overruled his objection. After the court instructed the jury that this evidence was being admitted for

a limited purpose, one of the arresting officers testified regarding the details of the 2009 incident, as set forth above.

At the close of evidence, Graham offered a proposed jury instruction, which directed the jurors to reach their verdict "without discrimination" and without "consider[ing Graham's] race, color, religious beliefs, national origin, or sex." He also offered a related verdict certification form, which required the jurors to certify that they did not discriminate in reaching their verdict. Graham argued that the proposed instruction and certification form, although not part of the Eighth Circuit Pattern Instructions, were intended to counteract the jurors' "implicit bias" and "unconscious racial attitudes." The district court declined the proposed instruction and certification form, instead giving a second Rule 404(b) limiting instruction.

We review for abuse of discretion the district court's admission of evidence of a defendant's prior bad acts under Rule 404(b), and will reverse only when the evidence "clearly had no bearing on the case and was introduced solely to prove the defendant's propensity to commit criminal acts." United States v. Williams, 796 F.3d 951, 958 (8th Cir. 2015) (quoting United States v. Bassett, 762 F.3d 681, 687 (8th Cir. 2014)), cert. denied, 136 S. Ct. 1450 (2016). Because Rule 404(b) is a rule of inclusion, "evidence offered for permissible purposes is presumed admissible." Id. (quoting United States v. Wilson, 619 F.3d 787, 791 (8th Cir. 2010)). Evidence is properly admitted under Rule 404(b) if, among other requirements, "it is relevant to a material issue" and "its potential prejudice does not substantially outweigh its probative value." Id. (quoting United States v. Robinson, 639 F.3d 489, 494 (8th Cir. 2011)).[2]

---

[2]Rule 404(b) evidence must also be similar in kind and not overly remote in time to the charged offense and must be supported by sufficient evidence. Because Graham does not contend that the evidence of his 2009 firearm-related arrest failed to satisfy these requirements for admission, we need not discuss them further.

In general, "[e]vidence that a defendant possessed a firearm on a previous occasion is relevant to show knowledge and intent." Id. at 959 (quoting United States v. Walker, 470 F.3d 1271, 1274 (8th Cir. 2006)). As he did before the district court, Graham asserts that the evidence of his 2009 firearm-related arrest was not relevant to the felon-in-possession charge because the government proceeded on a theory of actual possession and thereby rendered his knowledge and intent irrelevant. We have previously rejected this argument and do so again here. See id.; see also United States v. Oaks, 606 F.3d 530, 539 (8th Cir. 2010). "Knowing possession of a firearm is an element of 18 U.S.C. § 922(g)(1), and [Graham] placed his knowledge of the firearm's presence at the scene on his person at issue by pleading not guilty to the crime and requiring the government to prove his guilt beyond a reasonable doubt." See Oaks, 606 F.3d at 539. When, as here, a defendant pleads not guilty to a felon-in-possession charge, he places his knowledge and intent at issue even when the government proceeds solely on an actual-possession theory. See Williams, 796 F.3d at 959; United States v. Halk, 634 F.3d 482, 486-88 (8th Cir. 2011) (holding that previous firearm possessions were relevant to show defendant's knowledge and intent to possess a firearm where police saw defendant holding and discarding a gun). Graham's 2009 firearm-related arrest was thus relevant to show his knowledge and intent.

Graham also argues that the probative value of this evidence was substantially outweighed by its prejudicial effect. We disagree. "Though all Rule 404(b) evidence is inherently prejudicial, the test . . . is whether its probative value is *substantially* outweighed by the danger of *unfair* prejudice." United States v. Cook, 454 F.3d 938, 941 (8th Cir. 2006). The government did not place undue emphasis on the 2009 arrest when it was introduced into evidence, nor did it refer to such evidence in its closing argument. Moreover, the district court twice instructed the jury that such evidence could be considered only for limited purposes. We give "great deference" to a district court's determination that the danger of unfair prejudice is not outweighed by the probative value of Rule 404(b) evidence. See Williams, 796 F.3d at 960. And we have "been reluctant to find that [such] evidence was unfairly prejudicial when the

-5-

district court gave an appropriate limiting instruction." <u>Id.</u> (quoting <u>United States v. Kent</u>, 531 F.3d 642, 651 (8th Cir. 2008)). Because the evidence of Graham's 2009 arrest was relevant and its probative value outweighed any danger of unfair prejudice from its admission, the district court did not abuse its discretion in admitting it.

Graham next argues that the district court abused its discretion by declining to give his proposed instruction on implicit racial bias. We disagree. A district court has broad discretion to formulate jury instructions. <u>See</u> <u>United States v. Farish</u>, 535 F.3d 815, 821 (8th Cir. 2008). We review jury instructions as a whole and affirm if they "fairly and adequately submitted the issues to the jury." <u>Id.</u> The district court's instructions fairly informed the jury of the essential elements of the offense charged, as well as of the government's burden of proof. Additionally, the instructions specifically directed the jury that it should "not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you." The district court did not abuse its discretion by declining to give Graham's proposed instruction.

The judgment is affirmed.

_____