# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-1176

———————————————

United States of America,

*Plaintiff - Appellee,*

v.

Demetrick Roy Roberts,

*Defendant - Appellant.*

——————————

Appeal from United States District Court
for the Southern District of Iowa - Davenport

——————————

Submitted: November 11, 2019
Filed: May 1, 2020

——————————

Before COLLOTON, WOLLMAN, and BENTON, Circuit Judges.

——————————

COLLOTON, Circuit Judge.

Demetrick Roberts pleaded guilty to unlawful possession of a firearm as a previously convicted felon. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court determined an advisory guideline range of 110 to 120 months' imprisonment, and then sentenced Roberts below the range to a term of 96 months. Roberts appeals, arguing that the district court committed procedural error by applying two

adjustments when calculating the guideline range.  We conclude that the court properly applied a four-level increase for possession of a firearm "in connection with another felony offense" under USSG § 2K2.1(b)(6)(B), but that a two-level increase for "using a minor to commit a crime" under USSG § 3B1.4 should not have applied. Therefore, we vacate Roberts's sentence and remand for resentencing.

The relevant facts arise from an incident on January 27, 2018, in Bettendorf, Iowa.  A police officer activated his emergency lights and approached a disabled vehicle on the side of the road.  As the officer approached, Roberts fled the disabled vehicle on foot, and another officer tackled Roberts.  During the struggle, a loaded firearm fell out of Roberts's right front sweatshirt pocket.

Roberts had obtained the firearm from a minor whose initials are B.D.  Roberts transferred a quarter-ounce of marijuana and $100 to B.D. in exchange for the firearm.  Roberts later told his girlfriend that B.D. did not want the gun because he thought it was stolen.  B.D. confirmed that he traded a stolen firearm to Roberts for cash and marijuana.  The record does not show who proposed the transaction or how it was negotiated.

Roberts had sustained a prior felony conviction for a drug offense in 2004, and he pleaded guilty in this case to unlawful possession of a firearm as a convicted felon. At sentencing, the district court determined a base offense level of 20 and applied a two-level increase for possession of a stolen firearm.  USSG §§ 2K2.1(a)(4), (b)(4)(A). The court then applied two adjustments that Roberts disputes: a four-level increase for using or possessing a firearm in connection with another felony offense, *see* USSG § 2K2.1(b)(6)(B), and a two-level increase for using a person of less than eighteen years of age to commit the offense, *see* USSG § 3B1.4.  Finally, the court decreased the offense level by three based on acceptance of responsibility, *see* USSG § 3E1.1, and then varied downward from the advisory range under 18 U.S.C. § 3553(a)(1) based on Roberts's lack of youthful guidance, mental or emotional

condition, and acceptance of responsibility. We review the district court's interpretation and application of the sentencing guidelines *de novo* and its factual findings for clear error. *United States v. Outlaw*, 946 F.3d 1015, 1019 (8th Cir. 2020).

Roberts first challenges the district court's application of the four-level increase under USSG § 2K2.1(b)(6)(B). This provision applies if a defendant "used or possessed any firearm or ammunition in connection with another felony offense." The court determined that Roberts possessed the firearm in connection with the felony offense of carrying weapons under Iowa law:

> a person who goes armed with a dangerous weapon concealed on or about the person, or who, within the limits of any city, goes armed with a pistol or revolver, or any loaded firearm of any kind, whether concealed or not, or who knowingly carries or transports in a vehicle a pistol or revolver, commits an aggravated misdemeanor.

Iowa Code § 724.4(1).

Roberts concedes that he violated § 724.4(1). He argues, however, that the Iowa offense does not constitute "another felony offense" under USSG § 2K2.1(b)(6)(B), because he could not commit the federal felon-in-possession offense without also committing the Iowa offense.

His argument is foreclosed by *United States v. Walker*, 771 F.3d 449 (8th Cir. 2014). There, this court explained that a defendant does not "automatically commit" the Iowa offense of carrying weapons simply by possessing a firearm as a prohibited person. *Id.* at 452-53. The Iowa statute requires proof that the defendant went armed "with a dangerous weapon concealed on or about the person," or went armed with a handgun "within the limits of any city." Iowa Code § 724.4(1). Those elements are not required to prove a felon-in-possession offense under federal law. Therefore, the

defendant in *Walker* could have committed the underlying federal offense without also violating the state statute, and we applied § 2K2.1(b)(6)(B) according to its terms. 771 F.3d at 453. Roberts points out that the defendant in *Walker* carried a firearm "concealed on or about the person" in a vehicle, while Roberts violated the Iowa law by carrying a loaded firearm within city limits, but the particular means by which each defendant violated § 724.4(1) is immaterial. There was no error in applying the four-level increase.

Roberts also contends that the district court erred by applying a two-level increase under USSG § 3B1.4. That provision applies if the defendant "used or attempted to use a person less than eighteen years of age to commit the offense." "'Used or attempted to use' includes directing, commanding, encouraging, intimidating, counseling, training, procuring, recruiting, or soliciting." USSG § 3B1.4, comment. (n. 1). We have joined other courts in concluding that "there must be 'some affirmative act beyond mere joint participation in a crime with a minor'" for the defendant's conduct to constitute "use" of a minor under the guideline. *United States v. Fisher*, 861 F.3d 802, 805 (8th Cir. 2017) (quoting *United States v. Pojilenko*, 416 F.3d 243, 247 (3rd Cir. 2005)). The evidence must establish that the defendant acted affirmatively to involve a minor in the crime. *United States v. Paine*, 407 F.3d 958, 965 (8th Cir. 2005).

We have upheld the increase, for example, when a drug trafficker served as a mentor to a minor who sold drugs and learned the "game" of crack cocaine trafficking from the defendant. *United States v. Birdine*, 515 F.3d 842, 845 (8th Cir. 2008). In *Paine*, this court ruled that the increase was properly applied when a bank robber "asked his son to accompany him on the robbery to provide moral support," even though the minor did not know about the robbery or participate in the crime. 407 F.3d at 965. But we deemed the increase inapplicable when a minor merely sat in a getaway car while a defendant robbed a bank, and made "unilateral" use of maps to plan routes while traveling with the defendant. *Fisher*, 861 F.3d at 805. The district

court in this case observed that there is "not a real well developed body of case law" concerning § 3B1.4, but thought the fact that Roberts traded marijuana and cash to a minor for a stolen handgun was sufficient to support the increase.

This court has not addressed whether a prohibited person "uses" a minor "to commit" a felon-in-possession offense by acquiring a firearm from a minor. Perhaps the closest authority on point is *United States v. Hodges*, 315 F.3d 794 (7th Cir. 2003), where the defendant was convicted of receiving stolen weapons and possessing a firearm as a felon. *Id.* at 798. The court upheld an increase under § 3B1.4 because the defendant encouraged a minor and others to steal guns and deliver them to the defendant, and also encouraged the minor and others to "front" the firearms to him without payment so that he could sell the guns and share the proceeds. *Id.* at 802-03. The court clarified, however, that its opinion did not suggest that a defendant "uses" a minor "in an arm's length transaction such as the purchase by a fence of a gun from a minor." *Id.* at 802 n.2.

On the limited record here, we believe that the evidence shows only that Roberts engaged in an arm's-length transaction with a minor: he traded marijuana and cash to the minor, B.D., in exchange for a firearm. Unlike the defendant in *Hodges*, Roberts did not "use" B.D. in any broader criminal activity involving the trafficking of stolen firearms. Unlike the defendant in *United States v. Regalado*, 639 F. App'x 266 (5th Cir. 2016), who involved a minor in a drug trafficking conspiracy by accepting drugs from the minor, Roberts did not participate in jointly undertaken criminal activity. *Id.* at 268. Roberts committed a status offense by possessing a firearm as a prohibited person, and he committed it alone. Although Roberts's relevant conduct under the guidelines likely included not only unlawful possession, but also unlawful receipt of a firearm as a felon, 18 U.S.C. § 922(g)(1), and unlawful receipt of a stolen firearm, 18 U.S.C. § 922(j), the government does not rely on those acts or address whether a receiver "uses" an arm's-length supplier to commit a receipt offense. On the arguments and record presented, we conclude that an unadorned

-5-

arm's-length transaction with a minor, like mere joint participation in an offense as a partner, does not amount to "use" of a minor "to commit the offense" of unlawful possession of a firearm by a felon.

The district court sentenced Roberts to a term of imprisonment below the advisory guideline range based on 18 U.S.C. § 3553(a). We do not know, however, whether the outcome would have been different if the court had determined a different advisory range. Therefore, we vacate Roberts's sentence and remand for resentencing. Although we reject the government's argument for an increase under USSG § 3B1.4, the district court may consider that Roberts facilitated a minor's sale of a stolen firearm, *see* 18 U.S.C. § 922(j), and distributed a controlled substance to a minor, *cf.* USSG § 2D1.1(b)(16)(B), when evaluating the factors under § 3553(a).

_____