# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2447
_____

United States of America

*Plaintiff - Appellee*

v.

Merwin Smith

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: September 22, 2020
Filed: October 26, 2020
_____

Before SMITH, Chief Judge, BENTON, and KOBES, Circuit Judges.
_____

KOBES, Circuit Judge.

Merwin Smith appeals his conviction for unlawful possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). Smith argues that the district court[1] should have excluded his 2005 felon-in-possession conviction and that

---

[1]The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

prosecutorial misconduct during rebuttal closing prevented him from receiving a fair trial. We see no error, and we affirm.

I.

In the early morning hours of July 17, 2016, a City of Normandy police officer, patrolling the neighborhood for an unrelated larceny suspect, stopped Smith for a traffic violation. As Smith got out of the car, the officer saw him lean into the car, toss something out of the passenger window, and heard it hit the ground with a "loud metallic clunk noise." 3/6/19, Trial Tr. Vol I 171:15. The officer found a gun between 10 and 15 feet away from Smith's car and arrested him for possessing a firearm as a felon. Smith denied throwing the gun out of the car and denied any possession of the gun.

The Government sought to introduce Smith's 2005 conviction for being a felon in possession of a firearm to show knowledge, absence of mistake, and lack of accident under Rule 404(b) of the Federal Rules of Evidence. Smith objected, arguing that knowledge and mistake were not material issues because he denied possession of the gun, not *knowing* possession of the gun. The district court admitted the conviction and instructed the jury that the evidence should only be used to determine "knowledge, absence of mistake, or lack of accident" and could not be used for propensity purposes.

During closing arguments, Smith's counsel suggested that the firearm could have been discarded by the escaping larceny suspect, and the officer, embarrassed about not catching that thief, made up a story about Smith: "When you tell a lie, this is the easy part to remember . . . . He remembers the toss, ladies and gentlemen. Well, of course he does. That's this big dumb story. What he doesn't remember is those details, because when you tell a lie, that's what trips you up, those details." 3/7/19, Trial Tr. Vol II 75:13–19. The Government responded by stating in rebuttal, "[n]ow what should offend anyone is that she just called this officer a liar, and said

that he set this person up. He planted this gun . . . ." 3/7/19, Trial Tr. Vol II 78:2–4. Defense counsel objected, claiming that the prosecution disparaged defense counsel and mischaracterized her argument. The district court overruled the objection. The district court also overruled an objection to the Government's subsequent remark: "Don't be fooled by the distractions." 3/7/19, Trial Tr. Vol II 80:3–4. The jury convicted Smith of possessing a firearm as a felon.

Smith timely appealed the admission of Rule 404(b) prior acts evidence and the court's rulings on his objections during closing arguments.

II.

Smith first argues the district court abused its discretion in admitting his 2005 conviction for possessing a firearm as a felon. "We review the district court's admission of evidence of past crimes under Federal Rule of Evidence 404(b) for abuse of discretion, and we will not reverse unless the evidence clearly had no bearing on the case and was introduced solely to prove the defendant's propensity to commit criminal acts." *United States v. Williams*, 796 F.3d 951, 958 (8th Cir. 2015). Courts properly admit evidence under Rule 404(b) if: "(1) it is relevant to a material issue; (2) it is similar in kind and not overly remote in time to the crime charged; (3) it is supported by sufficient evidence; and (4) its potential prejudice does not substantially outweigh its probative value." *Id.* at 959 (citation omitted). The court admitted the evidence of Smith's conviction under a stipulated agreement, and the parties do not dispute that the prior act was supported by sufficient evidence.

Smith argues that because he denied ever touching or possessing the gun, knowledge is not relevant to a material issue and evidence of a prior conviction provides only propensity evidence prohibited by Rule 404(a) and 403. Our precedent forecloses this argument. "The defendant places his knowledge and intent at issue by pleading not guilty even when the prosecution proceeds solely on an

actual possession theory." *Williams*, 796 F.3d at 959. "Knowing possession" is an element of 18 U.S.C. § 922(g)(1), and previous possessions are relevant to proving this element. *See id.*; *see also United States v. Oaks*, 606 F.3d 530, 539 (8th Cir. 2010); *United States v. Brown*, 727 F. App'x 902, 906–07 (8th Cir. 2018); *United States v. Graham*, 680 F. App'x 489, 492 (8th Cir. 2017).

Nor did the district court err by admitting evidence that was too dissimilar or overly remote. To support criminal intent, prior act evidence "must be sufficiently similar." *United States v. Walker*, 470 F.3d 1271, 1275 (8th Cir. 2006) (citation omitted). "There is no absolute rule about remoteness in time, and we apply a reasonableness standard based on the facts and circumstances of each case." *United States v. Yielding*, 657 F.3d 688, 702 (8th Cir. 2011). Both the 2005 conviction and the 2016 arrest involved a gun in a car, which makes evidence of the 2005 conviction probative of Smith's knowledge and criminal intent to possess the gun. *See Walker*, 470 F.3d at 1273–74. And, while the 2005 conviction happened eleven years before his arrest on this charge, Smith was incarcerated for over half of that time. *See Williams*, 796 F.3d at 960 (referencing defendant's time in custody while considering temporal remoteness). The district court did not abuse its discretion in finding that the 2005 conviction was sufficiently similar and not too remote.

Smith argues that admitting the 2005 conviction only implied that he acted consistently with his prior criminal offense and so it was unfairly prejudicial. Smith compares admission of his prior felon in possession conviction to the one disallowed by *United States v. Mothershed*, 859 F.2d 585 (8th Cir. 1988). *Mothershed* is different. In *Mothershed*, we reversed the admission of a prior conviction because it was relevant *only* for propensity purposes to show "that a person who has been convicted of possessing money that he knows was stolen from a bank is more likely to be a bank robber than are most other people who have no such record." *Id.* at 589. In contrast, here it is settled law that the use of a prior conviction is relevant to Smith's knowledge and intent, and it is admissible for that purpose.

Smith also submits that because this is "a particularly close case, hinging on uncorroborated testimony of a single police officer" the 404(b) evidence makes "the potential for unfair prejudice particularly [ ] acute" and grants "unfair advantage in bolstering the credibility of a single witness's uncorroborated testimony." Smith Br. 13. But this misstates the record. While it is true that only a single officer observed Smith's disposal of the gun, the jury also considered the photographs from the scene, evidence from the agent who examined the gun, the gun itself, and stipulated evidence. The Government's case did not depend on the officer's testimony alone.

Finally, the district court's application of the Rule 403 balancing test is given great deference. *Williams*, 796 F.3d at 960. The district court considered the specific purpose for which the 404(b) evidence would be admitted and its prejudicial effect after considering briefing and oral argument. The jury heard the 404(b) evidence by stipulation, omitting unrelated prejudicial facts surrounding the conviction. The district court also directed the jury to consider the conviction only as it related to Smith's knowledge, intent, or absence of mistake. Considering the steps taken by the district court in balancing the probative value and the prejudicial effects of the prior conviction, we conclude that the district court did not abuse its discretion in admitting the 404(b) evidence.

## III.

Smith next argues that the district court impaired the jury's impartial consideration of the case by overruling defense counsel's objections in closing arguments. Smith claims that the district court's decision "had the unintended effect of encouraging the jury to accord weight to the prosecutor's ongoing call to take offense at defense counsel and to dismiss the evidentiary conflicts [the defense] cited as 'tactics' to trick them." Smith Br. 16. We grant trial courts "broad discretion in controlling closing arguments and we will reverse only on a showing of abuse of discretion." *United States v. Miller*, 621 F.3d 723, 729 (8th Cir. 2010) (citation omitted).

We use a "two-part test for reversible prosecutorial misconduct: (1) the prosecutor's remarks or conduct must have been improper, and (2) such remarks or conduct must have prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial." *United States v. Conrad*, 320 F.3d 851, 855 (8th Cir. 2003) (citation omitted). The prejudicial effect of prosecutorial misconduct is measured with three factors: "(1) the cumulative effect of such misconduct; (2) the strength of the properly admitted evidence of the defendant's guilt; and (3) the curative actions taken by the court." *Id.*

We consider the context of the entire trial when determining whether the Government's remarks are improper. *Miller*, 621 F.3d at 729–30. The district court found that the prosecutor's remarks were invited by defense counsel's closing, that the Government made a reasonable inference from defense counsel's remarks, and that the remarks were not directed at counsel. We agree. The Government's remarks directly addressed defense counsel's argument that the officer lied. They were not directed at counsel herself.

Even assuming the Government's remarks were improper, Smith shows no prejudice. First, because Smith points to only two brief remarks in the Government's rebuttal argument, the cumulative effect is not a factor in this case. Second, the district court properly admitted evidence supporting the crime charged: the officer's testimony, the stipulations by the parties, photographs of the gun and the scene, and the gun itself. The strength of this evidence supports the jury's guilty verdict. And third, after overruling defense counsel's objections, the court cautioned the jury to "be guided by your recollection of the testimony and the evidence." 3/7/19, Trial Tr. Vol. II at 80:8–9.

Smith says that the prosecutor's statements "and the [district court's] mistaken rulings upholding them may have been key to the guilty verdict that followed four hours of deliberation in this single count case." Smith Br. 38. The trial record, viewed in its entirety, does not support this speculation.

## IV.

The judgment of the district court is affirmed.

_____