# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 21-1490

———————————————

United States of America

*Plaintiff - Appellee*

v.

Meamen Jean Nyah

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Southern District of Iowa

——————————

Submitted: January 14, 2022
Filed: May 27, 2022

——————————

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.

——————————

GRASZ, Circuit Judge.

Meamen Jean Nyah pointed a firearm at a police officer while fleeing a traffic stop. A jury later convicted Nyah of unlawfully possessing a firearm as a felon. Nyah appeals his conviction and sentence on numerous grounds. We affirm.

# I. Background

Police Officer Nicholas Anderson clocked a car going almost twenty miles per hour over the speed limit with his radar one night and tried to initiate a stop. Despite Anderson's flashing patrol lights, the driver continued driving and eventually merged onto an interstate highway and fled from Anderson at over one hundred miles per hour. The fleeing car eventually crashed. Anderson then saw two suspects, one of whom was Nyah, running away from the wrecked car in different directions. Anderson pursued Nyah who, unbeknownst to Anderson, was the car's passenger rather than its driver.

Nyah eventually bolted behind a house despite Anderson's persistent commands to stop and warnings of: "Taser, taser, taser." Anderson eventually deployed his taser and Nyah fell to the ground. Undeterred, Nyah quickly jumped back up, picked up a black pistol off the ground nearby, and, despite Anderson's commands to drop it, pointed the pistol at Anderson. Anderson then shot Nyah. Officers later recovered a loaded black pistol from the same driveway.

Nyah survived, and a grand jury indicted him in the Central Division of the Southern District of Iowa with unlawfully possessing a firearm as a felon. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2). Nyah moved to suppress the evidence seized after he was tased, including the black pistol. The district court[1] held a hearing and denied the motion. The district court later transferred venue to the Eastern Division of the Southern District of Iowa. Nyah objected to the transfer, but the district court overruled the objection.

The case proceeded to jury selection, during which Nyah (who is black) objected to the racial makeup of the jury venire because no prospective jurors were black. The district court overruled this objection and later empaneled a jury.

---

[1]The Honorable John A. Jarvey, then Chief Judge, United States District Court for the Southern District of Iowa, now retired.

At trial, the district court admitted into evidence, over Nyah's objection, nine images taken from music videos in 2015 and 2016 in which Nyah is holding firearms, some in which he is also smoking or in the vicinity of alcohol. Though Nyah stipulated to both his status as a felon and knowledge of being a felon, the district court concluded this evidence was relevant in deciding whether Nyah knowingly possessed the firearm in this case in December 2019 and admitted the images under Federal Rule of Evidence 404(b). The district court gave limiting instructions for the evidence when admitting it and again in the district court's final jury instructions.

The jury convicted Nyah as charged. At sentencing, the district court applied three United States Sentencing Guidelines Manual ("Guidelines") enhancements for possessing a stolen firearm, using a firearm in connection with another felony offense, and assaulting a police officer. The district court then calculated Nyah's final offense level as 26 and his criminal history category as IV, resulting in a recommended range of 92 to 115 months of imprisonment. The district court next refused to depart downward based on Nyah's assertion the Guidelines overrepresented his criminal history and ultimately sentenced Nyah to 96 months of imprisonment.

## II. Analysis

Nyah appeals, challenging (A) the denial of his motion to suppress; (B) the transfer of venue; (C) the racial makeup of the jury venire; (D) the admission of the images underlying his prior conviction; (E) the three sentencing enhancements and the district court's refusal to depart downward; and (F) the substantive reasonableness of his sentence.

### A. Motion to Suppress

Nyah initially argues the district court erroneously denied his motion to suppress. In evaluating the denial of a motion to suppress, we review the district

court's legal conclusions de novo and factual findings for clear error. *United States v. Robinson*, 982 F.3d 1181, 1184 (8th Cir. 2020).

The Fourth Amendment protects a person from "unreasonable . . . seizures." U.S. Const. amend. IV. Nyah asserts his seizure when Anderson tased him was unreasonable, so any evidence obtained must be excluded under the exclusionary rule. *See Utah v. Strieff*, 579 U.S. 232, 237 (2016) (stating the exclusionary rule encompasses "evidence later discovered and found to be derivative of an illegality" as "fruit of the poisonous tree") (quoting *Segura v. United States*, 468 U.S. 796, 804 (1984)). We disagree.

Anderson's tasing of Nyah constituted a warrantless arrest. *See Torres v. Madrid*, 141 S. Ct. 989, 1003 (2021) ("[T]he application of physical force to the body of a person with intent to restrain is a seizure even if the person does not submit and is not subdued.").[2] A warrantless arrest is reasonable only if supported by probable cause. *United States v. Green*, 9 F.4th 682, 690 (8th Cir. 2021). Probable cause exists "when the facts and circumstances are sufficient to lead a reasonable person to believe that the defendant has committed or is committing an offense." *Id.* (quoting *Royster v. Nichols*, 698 F.3d 681, 688 (8th Cir. 2012)). It "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity." *District of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018) (quoting *Illinois v. Gates*, 462 U.S. 213, 243–44 n.13 (1983)).

Here, Anderson had probable cause to arrest Nyah. The district court found Anderson clocked a car travelling in excess of the speed limit with his radar, providing probable cause for a stop. *See United States v. Fuehrer*, 844 F.3d 767, 772 (8th Cir. 2016) (stating that traffic violations provide probable cause to stop a car). While Nyah argues Anderson's testimony that Nyah committed a speeding violation was "suspect," Nyah does not show how the district court's factual finding that he committed a driving violation was clearly erroneous. *See United States v.*

---

[2]The government does not dispute Anderson arrested Nyah when tasing him.

*Cotton*, 861 F.3d 1275, 1277 (8th Cir. 2017) ("Clear error exists where, viewing the record as a whole, we are left with the definite and firm conviction that a mistake has been committed.") (quoting *United States v. Finley*, 612 F.3d 998, 1002 (8th Cir. 2010)).  The car fled, leading to a high-speed chase at over one hundred miles per hour in the dark and resulting in the car crashing.  Anderson then saw Nyah running away from the car, and Nyah ignored Anderson's verbal commands to stop.  Anderson, not knowing which fleeing suspect was the driver, reasonably seized Nyah by tasing him after Nyah continually ignored orders to stop.  *See United States v. Flores-Lagonas*, 993 F.3d 550, 560 (8th Cir. 2021) ("We have consistently held that a defendant's response to an arrest or *Terry* stop . . . may constitute independent grounds for arrest.").  We thus affirm the district court's denial of Nyah's motion to suppress.

## B.  Transfer of Division

Nyah next argues the district court erroneously transferred venue to the Eastern Division from the Central Division of the Southern District of Iowa.  We disagree.  The "district judge has broad discretion in determining where within a district a trial will be held, and to overturn the court's decision the defendant must prove abuse of that discretion or prejudice."  *United States v. Worthey*, 716 F.3d 1107, 1112 (8th Cir. 2013) (quoting *United States v. Stanko*, 528 F.3d 581, 584 (8th Cir. 2008)).  Nyah proves neither here.

Nyah does not show the district court abused its discretion.  First, the district court did not violate Nyah's Sixth Amendment rights.  The Sixth Amendment "requires that a trial be held in the state and district where the crime was committed."  *Id.* (quoting same).  It does not, however, establish "a right to be tried in a particular division."  *Id.* (quoting same).  Here, Nyah's crime occurred in the Southern District of Iowa.  Thus, the district court's choice of division within the Southern District did not violate the Sixth Amendment.

Next, the district court appropriately weighed the relevant factors in setting trial in the Eastern Division. Under Federal Rule of Criminal Procedure 18, the district "court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." Convenience of the defendant encompasses the ability of the defendant's "family, friends, and other supporters to attend trial." *Stanko*, 528 F.3d at 586. Here, the district court acknowledged the inconvenient distance for Nyah, his family, and other spectators but noted public transportation mitigated the inconvenience. It also considered the witnesses' convenience, noting only the government identified witnesses besides Nyah yet expressed no concerns about transporting them. Finally, the district court considered the prompt administration of justice, specifying "this case needs to be tried" and observing the Eastern Division had a "significantly smaller degree" of COVID-19 infections and was open for in-court criminal trials. It noted the Central Division, in contrast, had a "very substantial backlog" of trials. We conclude the district court acted within its broad discretion when applying these factors.[3]

Nyah also shows no prejudice. While Nyah expressed concern about the racial composition of the jury pool, the district court found based on census data that the Southern District of Iowa's Eastern Division had a higher proportion of black people in its population than its Central Division. His concerns about racial disparities thus lack merit. Nyah cites no other indicia of prejudice besides distance, but the district court already concluded this concern was mitigated by public transportation. We thus affirm the district court's choice of venue because Nyah shows neither abuse of discretion nor prejudice.

---

[3]Nyah also vaguely asserts the transfer violated his due process rights and 28 U.S.C. § 1406(a). We disagree. We find no authority suggesting Nyah's due process rights or 28 U.S.C. § 1406(a) were violated by the district court's intra-district transfer that complied with the Sixth Amendment and governing law.

## C. Racial Makeup of Jury Panel

Nyah then argues his Sixth Amendment right to a fair cross-section of the community was violated because the jury venire lacked black prospective jurors. When "a defendant claims that jury selection violated his Sixth Amendment right to a fair cross-section of the community, we review the district court's decision de novo." *United States v. Reed*, 972 F.3d 946, 953 (8th Cir. 2020), *cert. denied*, 141 S. Ct. 2765 (2021).

Under the Sixth Amendment, criminal defendants are entitled "to an 'impartial jury drawn from a fair cross-section of the community.'" *Id.* (quoting *Taylor v. Louisiana*, 419 U.S. 522, 536 (1975)). Nyah does not dispute his jury venire was drawn from a fair cross-section of the community, so he does not establish a Sixth Amendment violation.[4] In light of this undisputed fact, the absence of black prospective jurors on the jury venire does not establish a Sixth Amendment violation. *See United States v. Erickson*, 999 F.3d 622, 627 (8th Cir. 2021) ("It is the number of [persons from the relevant distinctive group] in the jury pool, not the number who showed up for jury selection in a particular case, that is relevant to assessing the merits of a fair cross section challenge."), *cert. denied*, 142 S. Ct. 512 (2021). We affirm the district court's conclusion Nyah's Sixth Amendment rights were not violated.

## D. Admission of Photographs

Nyah next argues the district court erred under Federal Rule of Evidence 404(b) by admitting the images of him holding firearms in 2015 and 2016. We review a district court's admission of Rule 404(b) evidence for abuse of discretion, "and we will not reverse unless the evidence clearly had no bearing on the case and

---

[4]Nyah argues Supreme Court caselaw from *Taylor* should be amended, but that is not for us to decide. *See James v. City of Boise*, 577 U.S. 306, 307 (2016) (noting federal courts are bound by the Supreme Court's interpretation of federal law).

was introduced solely to prove the defendant's propensity to commit criminal acts." *United States v. Smith*, 978 F.3d 613, 616 (8th Cir. 2020) (quoting *United States v. Williams*, 796 F.3d 951, 958 (8th Cir. 2015)), *cert. denied*, 142 S. Ct. 396 (2021).

Rule 404(b)(1) states: "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." But "[t]his evidence may be admissible for another purpose, such as proving . . . knowledge." Fed. R. Evid. 404(b)(2). We have said "Rule 404(b) is a rule 'of inclusion, such that evidence offered for permissible purposes is presumed admissible absent a contrary determination.'" *United States v. Aungie*, 4 F.4th 638, 644 (8th Cir. 2021) (quoting *United States v. LaFontaine*, 847 F.3d 974, 981 (8th Cir. 2017)). District courts may "admit evidence under Rule 404(b) if: '(1) it is relevant to a material issue; (2) it is similar in kind and not overly remote in time to the crime charged; (3) it is supported by sufficient evidence; and (4) its potential prejudice does not substantially outweigh its probative value.'" *Smith*, 978 F.3d at 616 (quoting *Williams*, 796 F.3d at 959).

Given that no parties here dispute the third element, the admitted images satisfied the remaining elements. First, our precedent states the images were relevant to a material issue. We have said a defendant places the "knowing possession" element of 18 U.S.C. § 922(g)(1) at issue by pleading not guilty even when, as here, the government proceeds "on an actual possession theory." *Smith*, 978 F.3d at 616 (quoting *Williams*, 796 F.3d at 959). We have also held one's prior possession of firearms is relevant in proving this "knowing possession" element. *Id.* Moreover, we previously held that music video images showing a defendant possessing a firearm were relevant in establishing his later knowing possession of a firearm. *See United States v. Rembert*, 851 F.3d 836, 839 (8th Cir. 2017). We cannot conclude the district court erred here by concluding the music video images were relevant in establishing his knowing possession of the firearm in this case.

Next, the prior acts captured by the images were similar in kind. We require only that the prior acts be "sufficiently similar to support an inference of criminal

intent." *Williams*, 796 F.3d at 959 (quoting *United States v. Walker*, 470 F.3d 1271, 1275 (8th Cir. 2006)). Nyah's prior unlawful possession of firearms supported an inference of criminal intent here.

Nyah's prior acts were also not overly remote in time. "There is no absolute rule about remoteness in time, and we apply a reasonableness standard based on the facts and circumstances of each case." *Smith*, 978 F.3d at 616 (quoting *United States v. Yielding*, 657 F.3d 688, 702 (8th Cir. 2011)). Here, Nyah's prior illegal possession captured by the images occurred within five years of his instant illegal possession. Given that Nyah was incarcerated for much of the interval, and that we have often discounted such time from the remoteness analysis, *see, e.g.*, *Smith*, 978 F.3d at 617, and that we have affirmed admissions of past crimes committed well over five years before, *see, e.g.*, *Williams*, 796 F.3d at 960, we cannot conclude Nyah's prior illegal possessions here were overly remote in time.

Last, the evidence satisfies the fourth element. The fourth element is found in Federal Rule of Evidence 403: a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403; *see Williams*, 796 F.3d at 959. We acknowledge in applying this test that "all Rule 404(b) evidence is inherently prejudicial." *United States v. Jackson*, 856 F.3d 1187, 1192 (8th Cir. 2017) (quoting *United States v. Cook*, 454 F.3d 938, 941 (8th Cir. 2006)). As stated earlier, our precedent indicates the acts captured by the images were potentially probative of whether Nyah knowingly possessed the firearms here.[5] *See Smith*, 978 F.3d at 616–17. While these images

---

[5]While our precedent holds that evidence of a defendant possessing a weapon years before the offense at issue can be relevant to show "knowledge" of the possession of a firearm in a recent case—even where the government proceeds only on a theory of actual possession—it would be helpful to the reviewing court for the district court to explain how the images are relevant to establish knowledge. After all, admission of such evidence is reversible error if it was "introduced solely to prove the defendant's propensity to commit criminal acts." *Smith*, 978 F.3d at 616 (quoting *Williams*, 796 F.3d at 958). Relevance and probative value are case-by-case determinations that cannot be satisfied by mere incantation of a conclusory

were inherently prejudicial, especially considering some depicted Nyah's holding a weapon while smoking or in the vicinity of alcohol, the district court twice gave limiting instructions as a safeguard against unfair prejudice by informing the jury it could use this evidence only to help decide whether Nyah knowingly possessed the firearm in this case and that the evidence could not be used as improper propensity evidence. *See Rembert*, 851 F.3d at 840 (noting limiting instructions serve "as a protection against unfair prejudice"). Considering these limiting instructions, we cannot say the district court abused its discretion in concluding the danger of unfair prejudice did not substantially outweigh the evidence's probative value.

### E.  Sentencing Enhancements and Departure

Nyah then argues the district court erroneously applied the three sentencing enhancements. We review the district court's application or interpretation of the Guidelines de novo and its factual findings for clear error. *United States v. Belfrey*, 928 F.3d 746, 750 (8th Cir. 2019).

First, the district court properly applied the stolen firearm enhancement. This enhancement applies if "any firearm was stolen." U.S.S.G. § 2K2.1(b)(4)(A). Whether the defendant knew or had reason to know the firearm was stolen is irrelevant. *Id.* § 2K2.1 cmt. n.8(B); *United States v. Martinez*, 339 F.3d 759, 761–62 (8th Cir. 2003). Nyah does not dispute the firearm here was stolen, so the enhancement applies.

Nyah argues the district court should have deviated from the Guidelines because he claims he did not know the firearm was stolen so the enhancement overly punished him. We disagree. While the district court may "'deviate from the

---

assertion. *See United States v. Caldwell*, 760 F.3d 267, 276 (3d Cir. 2014) ("The task is not merely 'to find a pigeonhole in which the proof might fit,' but to actually demonstrate that the evidence 'prove[s] something other than propensity.'") (alteration in original) (quoting 1 Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 4:28 (4th ed. 2013)).

guidelines because of a policy disagreement,' it is 'not required to do so.'" *United States v. Heim*, 941 F.3d 338, 340 (8th Cir. 2019) (quoting *United States v. Manning*, 738 F.3d 937, 947 (8th Cir. 2014)). We affirm the district court's refusal to deviate here.

Second, the district court properly applied the "in connection with" enhancement. This enhancement applies if the defendant "used or possessed any firearm . . . in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). We have held that carrying a dangerous weapon in violation of Iowa Code § 724.4(1) qualifies as "another felony offense" for this enhancement. *See United States v. Roberts*, 958 F.3d 675, 677 (8th Cir. 2020); *United States v. Walker*, 771 F.3d 449, 453 (8th Cir. 2014). Because Nyah does not dispute the district court's conclusion that he possessed a firearm in connection with carrying weapons under Iowa Code § 724.4(1), the enhancement applies.

Third, the district court properly applied the enhancement for assaulting a police officer. This enhancement applies "[i]f, in a manner creating a substantial risk of serious bodily injury, the defendant . . . knowing or having reasonable cause to believe that a person was a law enforcement officer, assaulted such officer during the course of the offense or immediate flight therefrom." U.S.S.G. § 3A1.2(c)(1). Here, Nyah undisputedly knew or had reasonable cause to believe Anderson was a law enforcement officer. The district court then found Nyah assaulted Anderson by pointing a loaded gun at him while fleeing from him, thereby creating a substantial risk of serious bodily injury. *See United States v. Olson*, 646 F.3d 569, 573 (8th Cir. 2011) (stating an assault under this enhancement includes "an act which is intended to, and reasonably does, cause the victim to *fear* immediate bodily harm . . . even if no physical harm is attempted, achieved, or intended" (quoting *United States v. Lee*, 199 F.3d 16, 18 (1st Cir. 1999))). Nyah does not show the district court clearly erred in this factual finding, so we affirm the district court's application of this enhancement.

While Nyah does not argue the district court improperly calculated his criminal history, he argues it improperly refused to depart downward as a matter of policy based on his allegedly overstated criminal history under U.S.S.G. § 4A1.3(b)(1). We cannot review the district court's refusal, however, "because the district court recognized it had the power to depart downward and" Nyah does not argue the district court "had an unconstitutional motive for failing to do so." *See United States v. Carter*, 960 F.3d 1007, 1012–13 (8th Cir. 2020), *cert. denied*, 141 S. Ct. 835 (2020). Nyah's argument thus lacks merit here.

## F. Substantive Reasonableness

Finally, Nyah argues the district court imposed a substantively unreasonable sentence. We review the substantive reasonableness of a sentence "under a highly deferential abuse of discretion standard." *United States v. Hubbs*, 18 F.4th 570, 571 (8th Cir. 2021). "A sentencing court abuses its discretion when it 'fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors.'" *Id.* at 572 (quoting *United States v. David*, 682 F.3d 1074, 1077 (8th Cir. 2012)). We presume sentences within the Guidelines range, as here, are reasonable. *United States v. Williams*, 934 F.3d 804, 809 (8th Cir. 2019). Nyah does not rebut this presumption.

Nyah argues the district court did not adequately consider his medical conditions, the impacts of COVID-19, or his history and characteristics. *See* 18 U.S.C. § 3553(a)(1). We disagree. To the contrary, the record reveals the district court thoroughly considered Nyah's physical injuries, his medical issues (including reports from two doctors), his contraction of COVID-19 in jail, and his history and characteristics, including his family support, childhood, upbringing, education, and employment. That we "might reasonably have concluded that a different sentence was appropriate" under these circumstances "is insufficient to justify reversal of the district court." *See United States v. DeMarrias*, 895 F.3d 570, 574 (8th Cir. 2018) (quoting *United States v. Boneshirt*, 662 F.3d 509, 517 (8th Cir. 2011)).

We also reject Nyah's argument that his 96-month sentence created an unwarranted sentencing disparity with the other fleeing suspect's 40-month sentence of imprisonment. *See* 18 U.S.C. § 3553(a)(6). We initially note Nyah's argument is misguided: the statutory requirement "to avoid unwarranted sentence disparities refers to *national* disparities, not differences among co-conspirators." *United States v. Baez*, 983 F.3d 1029, 1044 (8th Cir. 2020) (citation omitted) (quoting *United States v. Fry*, 792 F.3d 884, 892 (8th Cir. 2015)), *cert. denied*, 141 S. Ct. 2744 (2021). And even assuming the other suspect was a similarly situated co-conspirator, there is "no principled basis for [us] to say which defendant received the appropriate sentence." *See id.* (quoting *Fry*, 792 F.3d at 893). Regardless, the district court did not abuse its discretion in concluding Nyah was not similarly situated to the other suspect because Nyah, unlike the other suspect, pointed a firearm at a law enforcement officer and was on supervised release for a federal firearm offense. The district court thus did not abuse its discretion in imposing Nyah's sentence.

### III. Conclusion

For the reasons stated herein, we affirm the district court's judgment.

_____