# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-3327
_____

United States of America

*Plaintiff - Appellee*

v.

Colique Depree Brown

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: May 2, 2023
Filed: May 5, 2023
[Unpublished]
_____

Before LOKEN, COLLOTON, and BENTON, Circuit Judges.
_____

PER CURIAM.

Colique Brown appeals the sentence the district court[1] imposed after he pleaded guilty to a firearm offense. His counsel has moved to withdraw and has filed a brief

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

under <u>Anders v. California</u>, 386 U.S. 738 (1967), challenging two sentencing enhancements and the substantive reasonableness of the sentence.

On de novo review, <u>see</u> <u>United States v. Nyah</u>, 35 F.4th 1100, 1109 (8th Cir.), <u>cert. denied</u>, 143 S. Ct. 389 (2022), we conclude the district court did not err by applying a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possessing the firearm in connection with another felony offense, specifically Interference with Official Acts with a Firearm under Iowa Code § 719.1(1)(a), (f). Although Brown contends otherwise, the record demonstrates the officers acted within the scope of their lawful duty or authority. <u>See</u> <u>Arizona v. Johnson</u>, 555 U.S. 323, 327 (2009); <u>Nyah</u>, 35 F.4th at 1104, 1106; <u>State v. McIver</u>, 858 N.W.2d 699, 702 (Iowa 2015). We also conclude the obstruction-of-justice enhancement was proper. <u>See</u> U.S.S.G. § 3C1.1 & comment. n.4(D). The court did not clearly err by discrediting Brown's version of events, <u>see</u> <u>United States v. Wahlstrom</u>, 588 F.3d 538, 542-43 (8th Cir. 2009), and Brown's conduct was not contemporaneous with his arrest, <u>see</u> <u>United States v. Lamere</u>, 980 F.2d 506, 509, 515 n.6 (8th Cir. 1992). Finally, on abuse-of-discretion review, we conclude the court did not impose a substantively unreasonable sentence. The court properly considered the factors set forth in 18 U.S.C. § 3553(a), and there is no indication that the court overlooked a relevant factor, gave significant weight to an improper or irrelevant factor, or committed a clear error of judgment in weighing relevant factors. <u>See</u> <u>United States v. Feemster</u>, 572 F.3d 455, 461-62, 464 (8th Cir. 2009) (en banc). Finally, we have independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal.

Accordingly, we affirm the judgment, and we grant counsel's motion to withdraw.

_____